### HERSHEY AND WIFE v. CLARK.

TENANTS IN COMMON—*Right of possession as respects each other.*—Where parties *in right of title* are tenants in common, if one have the possession and the other enter by favor of, or under contract from him so in possession, the party so entering cannot, while holding possession thus acquired, dispute the title of the other or litigate his own right to possession.

APPEAL FROM CRAWFORD CIRCUIT COURT.

HON. E. D. HAM, *Circuit Judge.*

U. M. *Rose*, for Appellants.

We submit that the parties were *tenants in common* and, in such case, one of the parties had the same right of possession which the other had, and therefore each will be presumed to have held in accordance with his or her title, and not otherwise: *Dresser vs. Dresser*, 40 *Barb.*, 300. Nothing but a clear and express agreement will make one tenant in common a tenant of another holding under him as a landlord, for any interest whatever in the premises: *Wilcox vs. Wilcox*, 48 *Barb.*, 327.

One tenant in common is not bound to yield possession on demand as was required in this case: *Conover vs. Earl*, 26 *Iowa*, 167; *Holton vs. Binns*, 40 *Miss.*, 491.

The possession of one is the possession of all, and an action will not lie by one tenant in common against his co-tenant: *Strong vs. Coulter* 13 *Minn.*, 82. Nothing short of an express agreement, founded on a consideration, will change the legal situation of the parties: *Wilcox vs. Wilcox*, 48 *Barb.*, 327; *Crane vs. Waggoner*, 27 *Ind.*, 52. The possession of a tenant in common will be presumed to be in right of the common title, and all acts and declarations will be construed most strongly to sustain this view: *Bailey vs. Trammell*, 27 *Texas*, 317; and a mere silent occupation by him will not be held to be an adverse holding: *Marr vs. Gilliam*, 1 *Cold.*, 448; and even adverse possession loses its hostile character when the party in possession becomes a tenant in common in the ownership of the property: *Carpentier vs. Mendenhall*, 28 *Cal.*, 484.

*A. H. Garland*, for Appellee.

We submit that it was proved, on the trial below, that appellee had title to the property, or, at least, to an undivided portion of it, and appellants went into possession of it under appellee's lease and consent, and never set up any adverse title at all. This clearly established the relationship of landlord and tenant, and gave appellee the right to maintain this suit, and the law declared by the court was correct. See *Halliburton vs. Sumner*, *p.* 460 *ante*; 18 *Ark.*, 284; *Ib.*, 304; 13 *Id.*, 448; *Amendments to Code, p.* 31, *Sec.* 495 *et seq*; *Gould's Digest, Chap.* 72, *Secs.* 2 *and* 3, *p.* 541.

The law having been correctly given, this court will not examine into the testimony to decide the case upon it: 26 *Ark.*, 362, *and cases cited.*

GREGG, J.—On the 15th of July 1871, the appellee brought a suit of unlawful detainer against the appellants for a house and some lots in the city of Fort Smith.

The appellants, by plea, set up that the wife was the owner of a one-fourth interest and a tenant in common with the appellee, and as such, entitled to the joint possession with her, and also set up the statute of limitations, which was afterward virtually abandoned. The appellee filed a replication which the court properly struck out.

Upon the trial, it appeared that appellee and the appellant, Ann E. Hershey, were sisters; that the property, in controversy, once belonged to Abraham and Aaron Clark, two brothers, both of whom had died without issue; that Abraham first died, intestate, leaving these two and one other sister, who are yet living, and another brother and sister who have since died, intestate and without issue. Aaron willed all his property to the appellee and his mother, and the mother has died.

The property, in controversy, had long been in the peaceable possession of the appellee and claimed and controlled by her.

In March, 1865, Mrs. Hershey, in the absense of her husband and, at the solicitation of the appellee, moved into her residence on these premises. In August following, appellant, Benjamin, returned and joined his family there, and they resided with the appellee until the commencement of this suit. Before suit, appellee, in writing, demanded possession of the appellants, and they refused to surrender possession of the same.

The court instructed the jury, in effect, that if they find from the evidence that the plaintiff was in the sole possession of the property, and that the defendants entered by her invitation, as her guests or tenants, then, as to appellee, they occupied the relation of tenants, and they could not set up any adverse claim, and if, under such circumstances, they detained the property, after demand in writing, they should find for the plaintiff, and that no express agreement is necessary to fix the relation of landlord and tenant, but that it may arise where the one enters and occupies the premises of another with his permission or acquiescence, and from that a contract may be implied.

34

The court then instructed, at the instance of the defendants, that if they had had peaceable and uninterrupted possession for more than three years, next before the commencement of the suit, they must find for the defendants.

*Secondly.* "If the jury believe, from the evidence, that the defendant, Ann E. Hershey, at plaintiff's solicitation, moved with her children from Clarksville to Fort Smith, and took up her abode with the plaintiff, in the house on said premises, and continued to reside there until August of that year, when defendant, Benjamin F. Hershey, who went south during the late civil war, returned, and that he and his said wife and children continued to reside on said premises with plaintiff until the fall of 1869, with her consent, without any understanding or agreement either express or implied, in reference to the time or terms of their occupancy, they should find for the defendants." And,

*Lastly.* If they find that Ann E. was a tenant in common, and held peaceable possession, etc., for over three years, etc., without attorning to plaintiff, they should find for defendants.

The court then gave an instruction on its own motion, as follows: "That the deed read in evidence, from Rogers and wife to Abraham and Aaron Clark, is *prima facia* evidence of title in the latter; that if the father of grantees died before the execution of that deed, and that if Abraham Clark died before the year 1865, single and unmarried and without issue, and without will, leaving his mother and said Aaron, the plaintiff, defendant, Ann E. Hershey, and two other sisters, since deceased, defendant, Ann E. Hershey, inherited an equal interest with the surviving sisters in the undivided half of the premises conveyed by the deed from Rogers and wife, and is a tenant in common with the plaintiff; and if such facts appear from the evidence, you would be warranted in finding that said defendants had a right to occupy said property with said plaintiff as a tenant in common, unless he was plaintiff's tenant." To which the appellants excepted. And

it is here urged that this instruction made the jury judges of the law as well as the facts, and expressly made it optional with them to follow the law or not, and assumed that a tenant had not always a right to occupy during his tenancy, etc., and that it confused and misled the jury.

The last instruction was a crowd of words, and it had the appearance of leaving questions of law as well as fact to the jury, but taken in connection with all the other instructions, we are of opinion its inaccuracies did not mislead the jury.

The appellants insist that Ann E. Hershey was entitled to an undivided fourth interest in the premises; that she was a tenant in common and, as such, entitled to joint possession. This declaration of her *rights* is not denied as a legal proposition, but this is not an action to determine the parties' rights in the property, but to decide who shall have the present possession; and if Hershey and wife went into possession under the appellee, they became her tenants and could not question her title until they parted with the possession she had given them. This was the main question before the jury, and they found for the appellee, and as such finding was not without evidence this court will not question its correctness.

And to assume, as counsel do, that, because Mrs. Hershey had an interest in the property, she could set up her right of co-tenancy to defeat this possessory action, would certainly violate the rule that a tenant cannot dispute his landlord's title, but must surrender on expiration of his lease, or on demand, if holding at will. If an adverse title to a part could be set up by any tenant, certainly a legal right to the whole could be as well pleaded, and thus the door would be open to all tenants to dispute their landlord's claims by establishing title in themselves. This would violate well established law, and greatly disturb that relationship which should exist between landlord and tenant. The policy of the law will not suffer one to go into possession by the favor of another, and then take advantage of that favor and confidence and hold possession while he litigates a claim of title.

The judgment is affirmed.