HUGHES VS. WATT.

LANDLORD AND TENANT: *Tenant cannot dispute title of.*
Where a party in possession, while using the premises, pays rents to, and contracts with one as owner, he will not be permitted to deny the title he thus confirms, but if he wishes to contest the title, he must first surrender the possession, and then bring his action.

APPEAL from *Ashley* Circuit Court.
Hon. HENRY B. MORSE, Circuit Judge.
*G. W. Murphy*, for appellant.
*J. W. Van Gilder*, for appellee.

GREGG, J.   This case was before this court at the December term, 1870.   26 Ark., 228.   After the mandate was filed in the court below, the appellee replied to the appellant's answer, that appellant was his tenant and was holding over after the expiration of his lease.

The appellant moved the court to strike out this replication, which the court refused to do, and he excepted.   A trial was had by a jury, a verdict and judgment for the appellee.

During the trial it was proved that the appellant recognized the appellee's title, and verbally agreed to purchase from him, that he failed to complete the purchase, that he afterwards rented from him for the years 1868 and 1869, but in January, 1870, he disputed appellee's title, and refused to give up possession.

If, as alleged, the appellant originally owned these lands and resided thereon, he might have held them as a homestead against any judgment, or if he had been lawfully in the possession of the lands under a title adverse to the appellee, the appellee could not have ousted him upon a fraudulent purchase, or upon a deed made by a sheriff, as such, where there

had not been a proper levy, advertisement and sale, as the appellant now avers the facts to have been.

But where the appellant recognizes the appellee's title, rents from him, and settles for rents by payments or giving his notes, as was done in this case, it is not necessary to enquire into title in a suit merely for possession between them, because it does not lie in the mouth of a tenant who has recognized and contracted with one as owner, and attorned to him while using the premises, to deny a title he has thus confirmed, and retain a possession he has enjoyed by the favor of such landlord. If such tenant wishes to contest the title, he must surrender possession and then bring his action. Hence the court did not err in refusing to allow him to read appellee's deed from the sheriff, in order to lay a foundation to show that such deed was fraudulent and void, and he was equally barred, in this possessory action at law, from showing that he was ignorant of his own rights or the character of appellee's title, when he rented from him, courts must presume that those of sane mind and mature age understand the law, and due diligence requires that each be familiar with all facts relative to his own titles.

It was not necessary, under the general denial of the complaint, that the plaintiff below should have filed a replication averring that the defendant was his tenant (sec. 123, Code of Civil Practice), and it would have been proper, on motion, to have stricken the answer out; but as the same facts introduced to sustain the issue with the replication before the court would have been alike legitimate, if introduced under the general denial of the plaintiff's cause of action, the appellant was in no way prejudiced by the court's refusing to strike out the replication.

The judgment is in all things affirmed.