JAMES ET AL V. BELDING ET AL.

LANDLORD AND TENANT :

A tenant cannot dispute his landlord's title.

*Hot Springs—Jurisdiction of State Courts.*

The jurisdiction of the State Circuit Court to try and determine the right of possession to lands or lots within the Hot Springs reservation, is not taken away by the Act of Congress of March 3, 1877, providing for determining the rights of occupants to purchase the parcels or lots they have made improvments on.

APPEAL from *Garland* Circuit Court.

Hon. J. M. SMITH, Circuit Judge.

HARRISON, J. :

This was an action by George Belding and Amanda Belding against Henry James and Amanda J. Hill for recovery of the possession of a store-house in the town of Hot Springs, which was commenced on the 3d day of November, 1877.

The complaint alleged that the plaintiffs are the owners of the store-house, which is situated on a lot occupied by them in the Hot Springs reservation, and on which is their residence; that on the 6th day of November, 1876, they leased the same to the defendants for the term of seventeen months, from the 1st day of said month, at the rent of $13.50 per month, payable in advance; that it was, however, expressly provided in the lease, that if default for fifteen days was made in the payment of the rent or any part of it, the lease should become void, and the possession upon the demand of the plaintiffs be surrendered to them; that one month's rent was due, and the

defendants had been, not only in default in the payment of the rent, fifteen days, but they denied the plaintiff's title, and refused to pay them rent ; and that the plaintiffs after such default for fifteen days, demanded from them the possession of the premises, yet that they refused to surrender the same, but withheld it from them to their damage—two hundred dollars.

The defendants denied that the plaintiffs are the owners of the store-house or entitled to its possession, the title of the ground being they said, in the United States ; and that the store-house was built prior to the 24th day of April, 1876, by the defendant James ; that he had sold it to the defendant Hill, who was then and had been ever since his purchase in the occupancy of it, and that said Hill had filed before the commissioners appointed under the Act of March 3d, 1877, in relation to the said Hot Springs reservation, his claim to purchase the parcel of ground upon which it stands.

They did not deny the alleged lease to them or any other of the allegations of the complaint.

The cause was, at the June term, 1878, submitted to the court, sitting as a jury, which found in favor of the plaintiffs, and it assessed their damages at $108.

The defendants moved for a new trial, upon the ground that the finding of the court was contrary to law and evidence. Their motion was overruled, and they excepted and appealed.

The proof was that George Belding had been in the occupancy and possession of the lot upon which the store-house stands, about twenty years, that he employed and paid James to build the store-house, and after it was built the plaintiffs rented it to him, and James paid rent to them until they leased it to him and Hill on the 6th day of November, 1876, and that that they paid the rent up to the first day of October, 1877.

There is no rule of law better settled, than that a tenant can-

not dispute his landlords title; and a reference to this rule would seem to be sufficient for the decision of this case.

But, it is insisted by the appellants, and that is the only contention in the case, that as Congress has by the Act of March 3d, 1877, made provision for determining the rights of occupants to purchase the parcels or tracts they have made improvements on, the Circuit Court now has no jurisdiction of any matter relating to lands in the reservations.

To this proposition we can not yield our assent.

It is not as to the right of possession but the right to purchase, the commissioners are to enquire and determine, and there is not, necessarily, any inconsistency or repugnancy between such rights, for whilst one person may have the right to purchase the tract or parcel, he has improved, another may under him or as his tenant, be entitled to possession.

The fifth section of the Act is as follows:

"Sec. 5. That it shall be the duty of said commissioners to show by metes and bounds on the map herein provided for, the parcels or tracts of lands claimed by reason of improvements made thereon or occupied by each and every such claimant and occupant on said reservation, to hear any and all proof offered by such claimants and occupants and the United States in respect to said lands and in respect to the improvements thereon, and to finally determine the right of each claimant or occupant to purchase the same, or any portion thereof, at the appraised value, which shall be fixed by said commissioners. *Provided, however*, That such claimants shall file their claims under the provisions of this Act, before said commissioners within six calender months after the first sitting of the said board of commissioners, or their claims shall be forever barred, and no claim shall be considered, which has accrued since the twenty fourth day of April, eighteen hundred and seventy-six."

In the case of *Earle's, admx.* v. *Hale, admr.*, 31 Ark., 470,

which was a suit for the use and occupation of a tavern in the reservation, the court say : ''As between these parties, it is a matter of no importance whether the United States was or not the legal owner of the property. The United States might perhaps in strictness, treat Hale as a trespasser, but as an actual settler upon public lands his occupancy has not only been tolerated, but actually encouraged by several Acts of Congress. The improvements upon the public lands have been recognized and held as the property of the occupant by Acts of State Legislature and by many decisions of this court. They are held to be the property of the occupant or party making the improvements of value, and the subject of transfer and sale.''

No conflict between the jurisdiction of the court, and the duties and powers of the commissioners can possibly arise, and the reason and necessity· for the jurisdiction are as apparent now as before the passage of the act.

The judgment is affirmed.