## WASHINGTON *v.* MOORE.

### Opinion delivered November 4, 1907.

1. UNLAWFUL DETAINER—WHEN ACTION LIES.—The action of unlawful detainer does not lie to determine the right of parties in the property sued for, but to decide who shall have present possession. (Page 224.)

2. LANDLORD AND TENANT—ESTOPPEL.—A tenant cannot dispute the title of his landlord so long as he remains in possession under him; to do this he must first surrender possession to his landlord, and then bring his action. (Page 224.)

Appeal from Miller Circuit Court; *Jacob M. Carter,* judge; affirmed.

*John N. Cook,* for appellant.

The paragraphs stricken out stated a good defense. The allegations in paragraph 4, particularly, stated a case for the jury under proper instructions. 44 Ark. 444. With reference

to the paragraph which states the inducements leading to the sign-
ing of the notes, the fact that they state that they were given
for rent would not preclude appellant from showing that they
were given for purchase money.   51 Ark. 218; 45 Ark. 447.

*Moore & Moore,* for appellee.

The parts of the answer stricken out, except the last clause,
were irrelevant and not responsive to the issue, and were prop-
erly stricken out.   As to the last clause, defendant was entitled
in this action to neither six months nor ten days.   The statute re-
quires three days only.

Appellant could not litigate the title to the property in this
action, nor dispute the landlord's title.   Kirby's Digest, §§ 3648,
3630; 1 Ark. 495; 13 Ark. 385; *Id.,* 448; 27 Ark. 50; *Id.* 531;
33 Ark. 536; 38 Ark. 587; 39 Ark. 138.

Appellant should first surrender possession if he desires to
litigate the title.   15 Ark. 104; 28 Ark. 154; 41 Ark. 535; 43
Ark. 32; 53 Ark. 533; *Id.* 94; 54 Ark. 461; 57 Ark. 303.

BATTLE, J.   Henry Moore brought an action of unlawful
detainer against Frank Washington.   He alleged in his com-
plaint "that he is the owner of the W. ½ SW. ¼ of section 6,
township 15 S., range 26 W., and the improvements thereon;
that on or about January 7, 1905, he rented same to appellant
for 1905 for $50, for which on said day appellant gave his note,
due October 1, 1905, with interest at 10 per cent. per annum
from maturity until paid; that appellant entered upon the lands
under said rental terms as tenant of appellee, and has been in
possession thereof ever since up to the time of the commencement
of this action; and that defendant has refused to pay the rent on
the lands, as he agreed to do, and now holds and retains the
same wilfully and unlawfully after lawful demand therefor by
plaintiff in writing.   Plaintiff further states that he is lawfully
entitled to the immediate possession of the lands and the houses
situated on same.   He asked that writ of possession issue and
the possession of the lands and premises be delivered to him
without delay; that defendant be summoned to answer his com-
plaint; and that plaintiff have judgment against defendant for
$50 with interest from October 1, 1905, as damages for detention
of the lands."

To the above complaint defendant filed the following answer:

"He denies that plaintiff is the owner of the lands in his complaint described. He denies that he rented the lands or the buildings thereon from the plaintiff for the year 1905, or that he entered upon the lands as the tenant of plaintiff. He denies that he holds or retains the lands unlawfully, or that plaintiff is lawfully entitled to the possession thereof.

"Defendant, further answering, says that it is not true that plaintiff is the owner of the lands or entitled to the possession thereof, but he alleges the facts to be that on or about the . . . . day of . . . . . . . . . . . . ., 1893, plaintiff executed and delivered to him a bond for title, whereby he obligated himself to convey the lands and the east half of the southwest quarter and  *  *  *  , all in section 6, township 15, of range 26 west, upon the payment by defendant to him of the sum of six hundred dollars, and that under the bond for title the defendant was put into possession of and entered upon the lands on or about the . . . . day of . . . . . . ., 1893, by peaceable and uninterrupted possession of the lands in the complaint described for the period of thirteen years last past, occupying same as his homestead and claiming to be the owner thereof under the bond, and has paid all of the purchase money except about one hundred dollars, which he is ready to pay if plaintiff will accept the same. The bond was destroyed by fire about the year 1904, and defendant can not file the same or a copy thereof with his answer.

"For further answer, defendant admits the execution of the note in the complaint mentioned, but he says he was induced to sign the same upon the express understanding and agreement with the plaintiff that the same represented the balance of the purchase money due by defendant to plaintiff on. the lands, and that when the same was paid plaintiff would execute to defendant a good and sufficient deed under the terms of the bond. He says that the note was procured from him by plaintiff with the fraudulent intent of plaintiff to cheat and defraud him out of the land.

"For further answer, the defendant says that plaintiff ought not to have and maintain this suit against him because he says he has been in the peaceable and uninterrupted possession of the

lands for three years immediately preceding the filing of the complaint.

"For further answer to the complaint defendant says that, if it should be held that he is the tenant of plaintiff, the notice served upon him by the plaintiff to quit was not sufficient under the law, but that he should have been (given) six months' notice, instead of ten days,' as alleged in the complaint.

"Prayer that plaintiff take nothing by his suit, that he be adjudged entitled to the possession of the lands, and for costs and other relief."

Plaintiff filed a motion to strike from the answer the following parts, to-wit:

"Defendant, further answering, says that it is not true that plaintiff is the owner of the lands or entitled to the possession thereof, but he alleges the facts to be that on or about the . . . . day of . . . . . . . ., 1893, plaintiff executed and delivered to him a bond for title, whereby he obligated himself to convey the lands and east half of the southwest quarter and  *   *   *   all in section 6, township 15 south, range 26 west, upon the payment by defendant to him of the sum of six hundred dollars, and that under the bond for title the defendant entered upon the lands, and has held peaceable and uninterrupted possession of the lands in the complaint described for the period of thirteen years last past, occupying the same as a homestead, and claiming to be the owner thereof under the bond."

Also that part contained in the following words:

"But he says he was induced to sign the same upon the express understanding and agreement with plaintiff that the same represented the balance of the purchase money due by defendant to plaintiff on the land, and that when the same was paid plaintiff would execute to defendant a good and sufficient deed under the terms of the bond.

Also that part contained in the following words:

"For further answer to the complaint the defendant says that if it should be held that he is the tenant of plaintiff the notice served upon him by the plaintiff to quit was not sufficient under the law, but that he should have been given six months' notice, instead of ten days,' as alleged in the complaint."

The court sustained the motion, and struck the parts of

appellant's answer mentioned therein from it, and the appellant excepted and saved proper exceptions.

In the trial which followed the plaintiff sustained by evidence the allegations in his complaint. The defendant offered to prove the allegations stricken from his answer, and the court refused to allow him to do so.

The court instructed the jury to return a verdict in favor of the plaintiff, which they did, and defendant appealed.

The action of unlawful detainer does not lie to determine the right of parties in the property sued for, but to decide who shall have the present possession. A tenant can not dispute the title of his landlord so long as he remains in possession under him. He can not acquire possession from the landlord by lease and then dispute his title. By accepting the lease and acquiring possession he is estopped from so doing. To do this he must first surrender possession to his landlord, and then bring his action. *Thorn* v. *Reed,* 1 Ark. 495; *Miller* v. *Turney,* 13 Ark. 385; *Simmons* v. *Robertson,* 27 Ark. 50; *Hershey* v. *Clark,* 27 Ark. 527, 531; *James* v. *Belding,* 33 Ark. 536; *Littell* v. *Grady,* 38 Ark. 584; *Fordyce* v. *Young,* 39 Ark. 138; *Clemm* v. *Wilcox,* 15 Ark. 104; *Hughes* v. *Watt,* 28 Ark. 153; *Johnson* v. *West,* 41 Ark. 535; *Bryan* v. *Winburn,* 43 Ark. 32; *Hoskins* v. *Byler,* 53 Ark. 532; *Logan* v. *Lee,* 53 Ark. 94; *James* v. *Miles,* 54 Ark. 461.

We find no prejudicial error in the proceedings of the court. Judgment affirmed.