## JAMES *v.* MILES.

Decided May 2, 1891.

*Landlord and tenant—Unlawful detainer—Tramway.*

> The tenant of a tramway, after termination of the tenancy, cannot dispute his landlord's right of possession.

APPEAL from *Clark* Circuit Court.

RUFUS D. HEARN, Judge.

*Atkinson, Tompkins & Greeson* for appellant.

Force is the gist of an action of forcible entry and detainer. Implied force is not sufficient. 38 Ark., 257 ; 38 *id.,* 584. The proceedings show this to be an ordinary action of unlawful detainer, and the relation of landlord and tenant must exist or the action will fail. 31 Ark., 296 ; 33 *id.,* 682. The tram in controversy was held under a mere license, *passing no interest in the land,* and there could be no relation of landlord and tenant. 19 Ark., 32–33; 1 Washb., R. P., sec. 9, p. 664. While title is not involved, it is admissible to introduce evidence of title to show right to possession. 77 Am. Dec., 550, and note.

*Murry & Kinsworthy* for appellee.

The testimony shows the relation of landlord and tenant. The agreement of the parties must determine the relation between them. 48 Ark., 415. The pleadings show this to be an action of unlawful detainer.

HUGHES, J. The appellant built a tramroad, under a verbal contract with Jacob Kern, from the saw mill of said Kern to the railroad. The agreement between him and Kern was, as shown by the evidence of the witnesses, that Kern should furnish the material, and that appellee should build the tramway and have the use of it for five years, and Kern should pay him stipulated prices, according to the character of the lumber, for hauling lumber from the mill to the railroad. Afterwards Kern's mill fell into the hands of a receiver, who was to and did have it sold.

Appellee wanted to buy the mill at the sale and, learning that the appellant had some claim to the tramway, he sought him and entered into an agreement with him, orally, that the appellant should haul all the lumber cut at the mill, if appellee should buy it, for one year, over the tramway, and that appellee should pay him an agreed price for the hauling, and that appellant would surrender possession of the tramway to appellee after the expiration of the one year. Appellee then bought the mill and tramway. When the year expired, the appellant refused to deliver possession of the tramway, and appellee brought this suit of unlawful detainer, recovered judgment for possession of the tram, from which this appeal was taken.

Appellant denied leasing the tramway from appellee, but admitted that he had grown tired of the tramway and had agreed to surrender the possession of it to the appellee, after the expiration of one year, if appellee would pay him what he had been receiving for hauling lumber over it, provided he should be paid an amount which he claimed Kern owed him. Appellee said in his testimony that he did not agree to pay appellant what Kern owed him, and that its payment was not a condition upon the performance of which the surrender of possession of the tramway by appellant to him was to depend.

The cause was tried before a jury, which found for the appellee. We think there was evidence to warrant a finding that appellant built the tramway for Kern, and that he entered into an agreement with Kern for the use of it for five years, and that he was the tenant of it under Kern; that he afterwards waived his rights under this contract with Kern, and agreed with appellee to hold under him for one year, and did attorn to him, and that this constituted the relation of landlord and tenant between them.

A tenant cannot dispute his landlord's title or right to possession. To do this, the general rule requires that he must first surrender possession to his landlord. Unlawful detainer is an action to recover possession, and no proof of title is re-

Tenant cannot dispute landlord's title.

·quired to sustain it.　Taylor's Landlord and Tenant, 2 vol., sec. 705 ; *Fordyce* v. *Young,* 39 Ark., 135 ; *Hoskins* v. *Byler,* 53 Ark., 543.　The appellant, having recognized and attorned to the appellee as his landlord, ·could not afterwards dispute his right to possession at the end of the term.

In the case of the *Iron Mountain & Helena Railroad* v. *Johnson,* 119 U. S., 608, it is held :　"There is nothing in the nature of the possession of a railroad, or of a section of a railroad, which takes it out of the operation of the language of the statutes of Arkansas against forcible entry and detainer, or out of the general principle which lies at the foundation of all suits of forcible entry and detainer, that the law will not sanction or support a possession acquired by violence, but will, when appealed to in this form of action, compel the party who thus gains possession to surrender it to the party whom he dispossessed, without inquiring which party owns the property or has the legal right to possession."

The principle decided in the case applies in an action of unlawful detainer for a tramway.　A tenant, after the termination of the period for which he is to hold, under a contract with his landlord, has no better right to hold possession against his landlord than one who gains possession by force has to hold against another of whom he has thus obtained possession.

We find no error in the instructions given, or in the ·court's refusal to give those refused.

The judgment is affirmed.