JOHNSON v. ELDER.

Opinion delivered June 21, 1909.

1. TAXATION—RECORD OF SALE—LIST.—Failure of the county clerk to attach to the record of the list and notice of sale of delinquent tax lands the certificate required by Mansf. Dig., § 5763, is a fatal defect. (Page 34.)

2. CLOUD ON TITLE—BURDEN OF PROOF.—In a suit to quiet title to land the plaintiff must recover upon the strength of his own title and not upon the weakness of his adversary's. (Page 34.)

3. APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDING.—A chancellor's finding of fact will be sustained on appeal unless it is clearly against the preponderance of the evidence. (Page 35.)

4. LANDLORD AND TENANT—EFFECT OF ATTORNMENT.—One who is in possession of land under claim of ownership may attorn to and become the tenant of another who claims to be the owner, whereupon the former's possession becomes that of the latter. (Page 35.)

5. SAME—ATTORNMENT TO AVOID LAWSUIT—DURESS.—The fact that one in possession of land under claim of ownership agreed to attorn to another claimant in order to avoid a lawsuit does not constitute duress. (Page 36.)

6. STATUTE OF LIMITATIONS—COLOR OF TITLE.—A void tax deed may be color of title for the purpose of the statute of limitations. (Page 36.)

7. SAME—CONSTRUCTIVE POSSESSION.—Actual possession of a part of a tract of land under a deed describing the entire tract is in law possession to the limit of the tract. (Page 36.)

8. SAME—POSSESSION UNDER TAX DEED.—Possession of land under a tax title for more than two years is sufficient to confer title. (Page 37.)

9. LANDLORD AND TENANT—CONSIDERATION.—After land has been in the actual possession of one who claims to own it for more than 7 years, even though by mistake his possession extended beyond his true boundary line, an agreement on his part to attorn to another for the land is without consideration and void. (Page 37.)

10. ADVERSE POSSESSION—ATTORNMENT—VALIDITY.—An agreement without consideration by the owner of land to attorn to another who claims it is not sufficient to give the latter constructive possession of the land for the purposes of the statute of limitations. (Page 38.)

11. SAME—ATTORNMENT—NOTORIETY.—A bare agreement on the part of one in the possession of land to attorn to another who claimed it is insufficient, in the absence of any notoriety, to render the latter's possession adverse to a third party. (Page 38.)

12. WATERS—NONNAVIGABLE LAKE—RIPARIAN RIGHTS.—The title of the owner of land adjoining a non-navigable lake extends *prima facie* to the center of such lake by virtue of his riparian ownership. (Page 39.)

13. PUBLIC LANDS—UNSURVEYED LAND—TITLE.—Where the original Government survey showed that certain land was the bed of a lake, and subsequently the Government deeded the unsurveyed lands in this particular township to the State as part of the swamp land grant, the question whether the land passed to the owner of adjacent surveyed land as part of the bed of a non-navigable lake or to the State's grantee as part of the swamp land grant depends upon whether the tract was lakebed or land at the time of the original survey. (Page 39.)

Appeal from Greene Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*Johnson & Burr,* for appellants.

1. In ejectment or other real estate actions the plaintiff must recover on the strength of his own title, and not upon the weakness of his adversary's. 113 S. W. (Ark.) 340; 106 S. W. (Ark.) 1169; 77 Ark. 246; *Id.* 338; *Id.* 477; 73 Ark. 199; 102 S. W. (Ark.) 190. The burden of proving two years adverse possession is upon the appellee, and that proof must be clear and positive. 82 Ark. 51; 65 Ark. 422; 43 Ark. 486; 113 S. W. (Ark.) 27; 34 Ark. 534; *Id.* 547; 48 Ark. 196; 1 Am. & Eng. Enc. of L., 2d Ed. 887; 1 Cur. Law, 55

2. Appellee, not having at any time had actual possession in his own person of the small tract cultivated by Byers, cannot establish the relation of landlord and tenant between himself and Byers by showing that the latter allowed him in 1907 to haul away two bushels of corn as rent for that year. There must have been two full years adverse possession, either actual or by tenant, and actual attornment by the tenant for two consecutive years in recognition of appellee's title. 18 Am. & Eng. Enc. of L., 2d Ed. 163; Kirby's Dig., § 5061; 60 Ark. 163.

3. As to the cultivated tract, the proof shows that Nutt had acquired title by 20 years possession, and Byers succeeded to his title by purchase. He is owner of this tract unless his title was divested by the forfeited land deed. But this deed and the tax sale are void. 65 Ark. 595. If Byers' attornment had been in good faith made to Elder, it was not sufficient to make him Elder's tenant. 66 Ark. 26; 80 Ark. 444; *Id.* 575; 4 Brewst. (Pa.) 361.

*Huddleston & Taylor,* for appellee.

1. One in actual possession of any portion of a tract of land under a deed which amounts to color of title will be held to be in actual possession of all the land described in the deed.

2. The relation of landlord and tenant existing between Elder and Byers for four years before this suit commenced, and three years before appellants bought their speculative title, is fully established by the proof. The relation having been once established, is continued by operation of law from year to year without any new contract. 61 Ark. 377; 24 Cyc. 1031F and note 24.

3. Although title to land has been acquired by adverse possession, it may, like any other title, be defeated by a subsequent adverse possession for the statutory period. 1 Cyc. 1121.

4. The affidavits of Sellmeyer and Weatherby, filed with appellee's petition for confirmation, are not competent evidence against appellee after the amendment of the petition. 16 Cyc. 976; 58 Ark. 490; 39 Cent. Dig., Pleadings, 84-86; 16 Cyc. 974; 89 Ark. 483.

5. In the Taylor case, 56 Ark. 595, the tax sale of 1892 was held to be void because the clerk failed to certify to the publication of the list of lands and the notice of sale; but this irregu-

larity was not sufficient to prevent the deed from being color of title. 71 Ark. 117. When appellee purchased the land and claimed it, and Byers rented from him, appellee's possession then began as a mere continuation of, and to the same extent as, the former Byers possession. The good or bad faith of the transaction is immaterial, provided the intention to take and hold adversely is shown. 77 Ark. 210; 80 Ark. 435. Taking the profits of which land is susceptible is possession. *Pedis possessio* is not necessary except where the estate to be acquired is personal to the one in actual possession. 35 Am. Dec. 760.

FRAUENTHAL, J. This action was originally instituted by the plaintiff, W. S. Elder, by filing an *ex parte* petition on October 14, 1907, in the Greene Chancery Court seeking to confirm his title to the land involved in this suit, and which is described as the fractional northeast quarter of section 27, township 19 north, range 5 east, containing 142.08 acres in Greene County, Arkansas. His claim of title was founded upon a tax deed executed to him by the State of Arkansas on June 4, 1903, in which it is recited that the land was sold to the State for the nonpayment of the taxes of 1891.

The defendants, Johnson & Burr and A. H. Glasscock, filed an intervention in said suit, and were made parties thereto. They claimed title to the land by virtue of the grant of said land to the State of Arkansas as swamp lands by the United States under the act of Congress approved September 28, 1850; by a deed from the State of Arkansas to John B. Jones on March 18, 1879; and by mesne conveyances from Jones to defendants. In this original petition the plaintiff alleged that the land was wild and unoccupied, but subsequently he filed an answer to defendants' intervention and a cross-complaint against the defendants in which he stated that the allegation that the land was wild and unoccupied was made by mistake, and alleged that he was and had been in possession of the land for a number of years; and he asked in this cross-complaint to have his title to the land quieted. He also filed a motion to have the above allegation as to the occupancy of said land stricken from the petition, and this was by the court granted. The defendants made answer to the cross-complaint of the plaintiff; and this cause thereupon became an action by plaintiff to quiet his title to said land.

The chancellor found that the plaintiff had acquired title to the land by adverse possession of the land for two years under said tax deed; and entered a decree quieting the title to the land in the plaintiff.

The evidence in the case was taken partly by depositions and partly by the agreed statement of facts. From this it appears that the tax sale of said lands for the year of 1891, and upon which is founded the tax deed executed by the State of Arkansas to plaintiff, is void for the reason that the county clerk failed to attach to the record of the list and notice of sale of delinquent lands for that year, the certificate required by section 5763 of Mansfield's Digest; and the sales of lands in said county for said year were held to be void by this court in the case of *Taylor* v. *State,* 65 Ark. 595. But the plaintiff claims that he has had possession of the land under said tax deed for a period of more than two years next before the commencement of this action, and in this way claims title to the land. The muniments of title introduced by defendants indicate a chain of title from the United States to them. But it is unnecessary to inquire further into the alleged title of defendants because in a suit like this to quiet title the plaintiff must succeed upon the strength of his own title, and not upon the weakness of the title of his adversary. *Lawrence* v. *Zimpleman,* 37 Ark. 644; *Chapman & Dewey Land Co.* v. *Bigelow,* 77 Ark. 338; *Mason* v. *Gates,* 82 Ark. 294; *Little* v. *Williams,* 88 Ark. 37; *Sibly* v. *England,* 90 Ark. 420. And, if the plaintiff has title to the land by reason of said tax sale and the possession thereunder, it would be superior to the alleged title of defendants.

The sole question, therefore, involved in this case is whether the plaintiff has had the possession of said land under said tax deed for such time as under the law will invest him with the title.

This tract of land is located within the meandered lines of what is known as Cache Lake according to the original survey of the United States Government. At the time of the purchase of the land by the plaintiff in 1903 from the State, a number of acres of the land was above the former marshy lands of the lake, and some acres of it were dry; but the greater part of it was covered with timber. About one and one-half acres of the land were cleared

and in cultivation, and were located within an inclosure of another tract owned by one Don Byers. Byers and his grantors had supposed that this one and one-half acres of the land, which is in the shape of a triangle, was part of a different and distinct tract of land owned by them, and so had been inclosed with a fence in conjunction with their tract; and this triangle was then in the actual possession of Byers. In the fall of 1903 the plaintiff saw Byers, and laid claim to this part of the land; and thereafter in 1904 had the same surveyed, and by the survey showed that this triangular portion was a part of the tract of land described in his tax deed. Byers and the plaintiff then entered into an agreement by which Byers should hold the possession of the triangular tract as the tenant of the plaintiff, and should attorn to the plaintiff as such tenant therefor. He then executed his note to the plaintiff for the rent of the land for the year of 1904 in the sum of five dollars. He agreed to thus become the tenant of the plaintiff and to recognize the title of the plaintiff to the tract of land for the reason that he did not want any litigation over it. But he testified that he then held and for all the years since 1904 continued to hold the possession of this tract of land as the tenant of the plaintiff. Byers and his grantors of the land adjoining this tract had had possession of this tract for a number of years before 1903; but in 1903 Byers thus surrendered the possession to the adverse claim and demand of the plaintiff and in subordination to the rights of the plaintiff; and as the tenant of plaintiff he agreed to hold the possession of the lands for the plaintiff, and did so hold it up to the date of the commencement of this suit. The chancellor in effect made this finding of fact. And, while the evidence is not entirely satisfactory, nevertheless it is sufficient in our opinion to support that finding. Where the chancellor's finding is not clearly against the preponderance of the evidence, it must be sustained. *Whitehead* v. *Henderson,* 67 Ark. 200; *Hinkle* v. *Broadwater,* 73 Ark. 489.

It is urged by the defendants that, inasmuch as Byers was already in possession of the land, he could not become the tenant of the plaintiff. But we cannot see how that would affect the relation between those parties, if as a matter of fact an agreement of tenancy was made. The relation of landlord and tenant is created by a contract; that may be either express or implied; and

its validity is, like all other contracts, based on an agreement between the parties. The fact that the tenant is in the possession of the land at the time of the creation of the tenancy does not affect such contract, if made; and it will not affect it, even though the tenant had prior to that time claimed to have a better title to the land. 24 Cyc. 938; *Hershey* v. *Clark,* 27 Ark. 527; *Hughes* v. *Watt,* 28 Ark. 153.

In the case of *Locke* v. *Frasher,* 79 Va. 409, it is held that the general rule that a tenant cannot dispute his landlord's title is not varied when the tenant is in actual possession at the time he makes the contract of tenancy.

The effect of the acceptance by such person of such a contract is a recognition of the title and the possession of the lessor, and is the same as if the party, lessor, had entered and taken possession. The mere fact that such a contract is entered into in order to avoid litigation will not defeat it. That is not equivalent to duress; and if possession was not given in this way, it could probably have been secured by the lessor through other legal avenues. In the case of *School District* v. *Long,* 10 Atl. 769, one claiming to own land in the possession of another procured the execution of a rental contract by an assertion of title in himself and a threat of eviction; and it was held that such rental contract was valid, and the tenant could not dispute the landlord's title. In the case in review, therefore, Byers could agree to become the tenant of the plaintiff, although previously in the possession of the land; and under such agreement the possession of Byers as tenant became the possession of the plaintiff as landlord. 1 Cyc. 996; *James* v. *Miles;* 54 Ark. 460; *Cox* v. *Daugherty,* 75 Ark. 395; *Washington* v. *Moore,* 84 Ark. 220; *Lucas* v. *Brooks,* 18 Wall. 436; *Palmer* v. *Melson,* 76 Ga. 803; *Forgy* v. *Harvey,* 151 Ind. 507. Under the evidence in this case, therefore, the plaintiff was in the actual possession of one and one-half acres of the tract of land in controversy for more than two years continuously before the commencement of this suit, and such possession was open and adverse. That possession was held under the tax deed, which, though void, was yet a color of title. *Elliott* v. *Pearce,* 20 Ark. 508; *Cofer* v. *Brooks,* 20 Ark. 542. It had been repeatedly held by this court that the actual possession of a part of the land under a deed describing the entire tract is

in law possession to the limit of the whole land. *Ledbetter* v. *Fitzgerald*, 1 Ark. 448; *Logan* v. *Jelks*, 34 Ark. 547; *Sparks* v. *Farris*, 71 Ark. 117; *Crill* v. *Hudson*, 71 Ark. 390; *Boynton* v. *Ashabranner*, 75 Ark. 514; *Rucker* v. *Dixon*, 78 Ark. 99; *Connerly* v. *Dickinson*, 81 Ark. 258; *Van Etten* v. *Daugherty*, 83 Ark. 534.

The case of *Wheeler* v. *Foote*, 80 Ark. 435, is very similar to the case at bar on this question of possession. In that case a part of the land in controversy—about one and one-half acres—had been cleared, fenced and occupied by the owner of the adjoining tract, and had been thus occupied by him under a mistake that this part was on his own tract. The occupant, upon the claim made by the holder of a tax title, agreed to hold possession as tenant of the tax owner, and in consideration that he would protect the timber on the land from trespassers. In that case the court held that through the tenancy thus created the holder of the tax deed obtained possession of this one and one-half acres of the land, and that through the tenant he thus held possession under color of title to the whole; and that this gave the holder of the tax deed title to the whole land described in the deed. It results from this, and we are of opinion that the evidence sustains the finding of the chancellor, that the plaintiff was in continuous adverse possession of the land for more than two years under the tax deed, conveying the land in controversy to him. The effect of this was to confer on the plaintiff a valid title to all the land in controversy. *Jacks* v. *Chaffin*, 34 Ark. 534; *Wilson* v. *Spring*, 38 Ark. 182; *Gates* v. *Kelsey*, 57 Ark. 523; *Cooper* v. *Lee*, 59 Ark. 460; *Finley* v. *Hogan*, 60 Ark. 499; *McConnell* v. *Swepston*, 66 Ark. 141; *Ross* v. *Royal*, 77 Ark. 324; *Dickinson* v. *Hardie*, 79 Ark. 364.

We find, therefore, no error in the decree; and the same is affirmed.

ON REHEARING.

Opinion delivered November 1, 1909.

McCulloch, C. J. On further consideration of the evidence in this case, we find the facts to be that the grantor of Byers, the alleged tenant of plaintiff Elder, occupied the small area of cleared land, claiming it as his own, for about twenty-

six years, before he conveyed to Byers. This constituted a complete investiture of title, notwithstanding the mistake in getting beyond the boundary line. *Hudson* v. *Stillwell,* 80 Ark. 575.

Byers being the owner of the land, his alleged agreement to attorn to plaintiff was void and unenforcible. The note which he gave to plaintiff was also void for want of consideration. *Parham* v *Dedman,* 66 Ark. 26.

The question is therefore presented whether or not the void agreement of Byers, the owner and occupant of the small tract of cleared land, to attorn to plaintiff constituted such possession by the latter of that part of the land as to extend his possession constructively over the unoccupied land in controversy to which he had color of title, and ripen into title by limitation. We conclude that it did not. The plaintiff was never in possession of any part of the land, either actually or constructively. He had neither title nor possession nor right of possession. If the real owners of the land had made inquiry during the alleged period of limitation and ascertained the true facts, they would not have found the plaintiff in possession of any part of their land, because he was not, in fact, in possession either in person or by agent or tenant.

This conclusion is not in conflict with the doctrine announced in *Wheeler* v. *Foote,* 80 Ark. 435, for the facts of that case are clearly distinguishable from the facts in this. There, as soon as Bloomer cleared part of the tract by mistake as to boundary, and before he acquired title by lapse of time, he agreed to attorn to the plaintiff, Mrs. Foote, and he thereafter occupied the cleared land as her tenant, and acted as her agent in keeping trespassers off the adjoining timber land. He had never acquired any title to the land when he agreed to attorn to Mrs. Foote as his landlord, and his occupancy was notorious as her tenant and agent for a long time thereafter, until the commencement of the litigation.     ,

We think, also, that the alleged attornment of Byers to plaintiff was insufficient, for another reason, to extend his possession constructively over the unoccupied land. It lacked sufficient notoriety to amount to adverse possession. The facts, as we find them to be, are that Byers did only one act before the commencement of this litigation which could be claimed as an attornment

to plaintiff. That was his agreement, about three years before the commencement of the action, to pay plaintiff a small amount of rent. After the suit had been commenced, he permitted plaintiff to send a man into his field and gather about two bushels of corn, which was claimed as rent. There was no visible change of possession, and nothing was done to give notoriety to the agreement to attorn. There was nothing done to put the real owners upon notice that the actual possession of the small tract of cleared land by one who had no color of title was transferred to another person who had color of title, so as to extend the possession constructively. The injustice of permitting a secret transfer of possession to one who had color of title so as to extend his possession over the unoccupied portion of the land is manifest. The title to one and a half acres of the land had already been taken from the true owner by Byers and his vendor, through their occupancy for the full period of limitations. But they had no color of title which extended their possession beyond the limits of the actual occupancy; and in order to acquire the title to the remainder of the tract there must have been something in the nature of actual notice to the true owner or its equivalent. The element of notoriety must be added to adverse possession before it can ripen into title by limitation. Possession follows the title of the true owner until that possession is actually invaded. *Haggart* v. *Ranney*, 73 Ark. 334. We conclude, therefore, that the plaintiff's claim of title by adverse possession cannot be sustained.

This conclusion makes it necessary to give attention to another feature of the case not discussed in the original opinion. The tract of land in controversy was, at the time of the Government survey in the year 1846, within the meandered lines of Cache Lake, according to the official plat of that survey, and the plaintiff is the owner of a tract of 17.92 acres abutting on the meandered line. This gives the plaintiff the *prima facie* title to the center of the lake by virtue of his apparent riparian rights. *Little* v. *Williams*, 88 Ark. 37; *Rhodes* v. *Cissell*, 82 Ark. 367.

But a mistake in the survey is subject to correction by the Government. *Little* v. *Williams, supra.*

The United States Government in 1885 patented to the State of Arkansas all of the unsurveyed lands in this and certain

other townships as swamp and overflowed land, and it does not appear that the Land Department ever caused another survey to be made and officially determined that the area in controversy was land, instead of lake-bed, at the time of the original survey. The patent does not specifically describe the several tracts of land, but in general terms conveys "all of the unsurveyed land" in the township named. If it was in fact land, instead of lake-bed, at the time of the original survey (of which there is no direct proof in this record), the subsequent patent by the Government of un-surveyed land conveyed the title to the State of Arkansas, and the State, in turn, conveyed it to Jones, the defendants' grantor. And if it be found that the Land Department of the United States has officially declared this particular tract to have been land, instead of lake-bed, at the time of the original survey, that would overturn the *prima facie* riparian rights of the plaintiff.

These matters are not sufficiently developed in the records for us to reach a decision as to the rights of the parties on this branch of the case. We cannot determine whether the facts of the case fall within the doctrine announced in *Little* v. *Williams, supra,* or of *Chapman & Dewey Land Co.* v. *Bigelow,* 77 Ark. 338.

The plaintiff is not entitled to an affirmance of the decree on the strength of his *prima facie* showing of riparian rights, for it is obvious that, if he be given that portion of the land between parallel or converging lines running to the center of the lake, he would not be entitled to all of the land in controversy; and we cannot tell from this record how much, if any, he would be entitled to. Inasmuch as this branch of the case was not fully developed, we will leave it open for further proceedings in the chancery court, with leave to both parties to introduce further testimony.

A rehearing is therefore granted, and the decree is remanded with directions to deny the plaintiff's right to recover on his alleged title by adverse possession, but for further proceedings not inconsistent with the opinion on the other branch of the case.

Mr. Justice BATTLE concurs in the judgment and also in all of the opinion except that part which holds that the alleged attornment of Byers to plaintiff was ineffectual to give possession of the cleared land to the latter because Byers was then in possession and was the owner of the land by limitation. He expresses

no opinion on that point, and prefers to place the decision, as to this branch of the case, on the other ground stated in the opinion, viz: That the alleged attornment by Byers to plaintiff was not of itself an act of sufficient notoriety to constitute adverse possession in him, so as to constructively extend his possession over the unoccupied land.

Mr. Justice FRAUENTHAL concurs in the judgment, but not in the opinion.