ELDER *v.* JOHNSON.

Opinion delivered June 28, 1915.

1. WATERS—EXTENT OF RIPARIAN RIGHTS.—Where land touches a lake only at a point, the owner of the land can not take any appreciable interest in the lake, if the lake is divided amoung the riparian owners, in accordance with the rules of law for the division of the same.

2. WATERS—RIPARIAN RIGHTS—SWAMP LANDS—EVIDENCE.—The owner of certain surveyed land, *held* not to have established his right to a larger tract of land, which was part of a swamp land tract, which had been conveyed to a third person by the State, after a compromise agreement had been made between the State and the United States, that the said larger tract was swamp land.

Appeal from Greene Chancery Court; *Charles D. Frierson,* Chancellor; affirmed.

*M. P. Huddleston* and *Robert E. Fuhr,* for appellant.

If the land involved here bordered on a nonnavigable lake at the time of the original survey in 1847, appellant has title under his riparian rights between parallel lines to the center of the lake as it existed at the time of the Government survey. 88 Ark. 37; 82 Ark. 367.

Appellees have introduced no proof denying the existence of the lake at the time of the survey, or even at the present time, neither is there any showing that the Government has ever challenged the correctness of the original survey. Appellees can not impeach the correctness of that survey. 128 U. S. 691; 158 U. S. 253; 197 U. S. 510.

*R. E. L. Johnson* and *Burr, Stewart & Burr,* for appellees.

1. The decree was correct on the facts and should be affirmed. The evidence introduced by appellees on the remand of the case was not an attempt to challenge the correctness of the original survey, but was sufficient to show that at the time of that survey the land in question was land and not lake bed, and to overcome appellant's apparent riparian rights.

SMITH, J. This cause has once before been before this court, where a full statement of the facts was made. 92 Ark. 30. In the original opinion on the former appeal, it was held that Elder had a valid title to all the land in controversy, but there was an additional opinion upon the motion for rehearing in which, for the reasons there stated, the conclusion was reached that Elder's claim by adverse possession could not be sustained, and the court there said:

"This conclusion makes it necessary to give attention to another feature of the case not discussed in the original opinion. The tract of land in controversy was, at the time of the Government survey in the year 1846, within the meandered lines of Cache Lake, according to the official plat of that survey, and the plaintiff is the owner of a tract of 17.92 acres abutting on the meandered line. This gives the plaintiff the *prima facie* title to the center of the lake by virtue of his apparent riparian rights. *Little* v. *Williams,* 88 Ark. 37; *Rhodes* v. *Cissel,* 82 Ark. 367.

"But a mistake in the survey is subject to correction by the Government. *Little* v. *Williams, supra.*

"The United States Government in 1885 patented to the State of Arkansas all of the unsurveyed lands in this and certain other townships as swamp and overflowed land, and it does not appear that the land department ever caused another survey to be made and officially determined that the area in controversy was land, instead of lake-bed, at the time of the original survey. The patent does not specifically describe the several tracts of land, but in general terms conveys 'all of the unsurveyed land' in the township named. If it was in fact land, instead of lake-bed, at the time of the original survey (of which there is no direct proof in this record), the subsequent patent by the Government of unsurveyed land conveyed the title to the State of Arkansas, and the State, in turn, conveyed it to Jones, the defendants' grantor. And if it be found that the land department of the United States has officially declared this particular tract to have been land, instead of lake-bed, at the time of the original survey, that would overturn the *prima facie* riparian rights of the plaintiff.

"These matters are not sufficiently developed in the records for us to reach a decision as to the rights of the parties on this branch of the case. We can not determine whether the facts of the case fall within the doctrine announced in *Little* v. *Williams, supra,* or of *Chapman & Dewey Land Co.* v. *Bigelow,* 77 Ark. 338.

"The plaintiff is not entitled to an affirmance of the decree on the strength of his *prima facie* showing of riparian rights, for it is obvious that, if he be given that portion of the land between parallel or converging lines running to the center of the lake, he would not be entitled to all of the land in controversy; and we can not tell from this record how much, if any, he would be entitled to. Inasmuch as this branch of the case was not fully developed, we will leave it open for further proceedings in the chancery court, with leave to both parties to introduce further testimony."

Upon the remand of the cause a trial was had of the issue, for the decision of which, the case had been reversed. At the trial the appellant introduced the field notes for section 27, township 19 north, range 5 east, and offered no other evidence. On behalf of appellees, the following evidence was introduced: A certified copy of the field notes and the plat of the township showing Cache Lake; a certified copy of Swamp List No. 23; which instrument shows the selection and approval of 2,417.17 acres of land under the swamp land grant of September 28, 1850. Among the lands embraced in this certificate was a tract described as "Unsurveyed part of section 27, township 19 north, range 5 east, containing 480.88 acres." And the certificate recited that the foregoing tracts of land, embracing an area of 2,417.17 acres, "are shown to be swamp land by evidence on file in this office, and are free from conflict by sale or otherwise." This certificate was duly attested, and there was introduced a patent which recited that the several tracts or parcels of land therein described, including the unsurveyed part of section 27, township 19 north, range 5 east, had been selected as "swamp and overflowed lands." There was also introduced the record of the Arkansas Compromise which had been approved by Congress on April 29, 1898. Under the compromise, the deed from the State to John B. Jones dated October 2, 1884, for the fractional northeast section 27, township 19 north, range 5 east, containing 142.08 acres was confirmed. Appellees also offered in evidence two depositions of C. E. Waddell, the county surveyor of

that county, who testified that he had surveyed the land in question at the request of appellant, and that this survey had been made in accordance with the field notes, and that there are 480.88 acres of unsurveyed land in section 27, and the 142.08 acres in the northeast quarter of said section in dispute is a part and parcel of the 480.88 acres, and that there was a strip of land of a triangular shape between the 17.92 acre tract and the lake, and from his testimony as to the character and size of the timber on this strip, the conclusion necessarily follows that this strip was land, and not lake, at the time of the Government survey in 1847. Waddell's evidence does show, however, that in running the north line of appellant's land, the corner called for by the field notes is near, if not on, the bank of the lake, and thus the triangle is formed with appellant's east line and the bank of the lake forming two sides of the triangle and the short side of the triangle is the south side, so that appellant's land touches the lake only at a point, if at all.

Appellant insists that his title to the small tract of surveyed land containing 17.92 acres gives to him as a riparian owner the remainder of that quarter section containing 142.08 acres, but he, of course, concedes that he does not otherwise have title to it. But the record set out above demonstrates that the remainder of the quarter section was land, and not lake. The swamp land certificate No. 23, which was approved by the commissioner of the general land office, and the Secretary of the Interior, recites that the tracts of land described in that certificate "are shown to be swamp land by evidence on file in this office, and are free from conflict by sale or otherwise." The compromise settlement between the State and the United States recognizes the existence of 142.08 acres of swamp land in this quarter section, and confirmed a conveyance from the State through which appellees claim. Moreover, the proof is not clear that appellant's land touches the lake at all, and if it does it is only at a point, and, therefore, appellant could take no appreciable interest in the lake if it were divided among the riparian owners in accordance with the rules for the division thereof.

We think from the evidence the chancellor must necessarily have found, although the decree recites no finding of fact, that the disputed area was in fact land, instead of lake, at the time of the original survey, and that this fact has been officially recognized by the land department of the United States as evidenced by the instruments referred to above. Such being the state of the record, the decree was properly rendered for appellee. *Little* v. *Williams,* 88 Ark. 37; *Chapman & Dewey Lbr. Co.* v. *St. Francis Levee District,* 232 U. S. 186. Affirmed.