COTTON *v.* WHITE.

Opinion delivered October 29, 1917.

1. TAX SALES—DESCRIPTION.—A tax sale is void which describes the land to be sold as "E Pt. NW SE, 27 acres."

2. ADVERSE POSSESSION—NOTORIETY—AGREEMENT TO ATTORN.—A bare agreement on the part of one in possession of land as tenant of the original owner, to attorn to a tax purchaser, who claims it is insufficient, in the absence of notoriety, to render the latter's possession adverse to such original owner.

3. CORPORATIONS—EXECUTION OF DEED—CORPORATION DE FACTO.—The deed of a corporation *de facto* is binding against the rest of the world, and can be objected to only by the State. Where land is conveyed to a company as a corporation, and by its president and secretary it undertakes, as such corporation, to convey such land to another, it will be presumed that it was regularly incorporated and that its officers were authorized to make the deed.

4. TAXATION—PRESUMPTION AS TO TAX SALE.—The statutory presumption in favor of a conveyance of land forfeited for taxes, executed by the Commissioner of State Lands (Kirby's Digest, § 4807) is overcome by proof that the land was not assessed by a description sufficient to identify it.

5. TAX SALES—VOID DEED.—One holding possession of land under a void tax deed, holds as a trespasser.

6. EJECTMENT—AGAINST TRESPASSER HOLDING UNDER VOID TAX DEED.—In an action in ejectment, the rule that the plaintiff can recover only upon the strength of his own title, does not apply when defendant is a mere trespasser invading the actual possession of plaintiff, in which case plaintiff can recover on prior peaceable possession alone.

7. TAX SALES—FORFEITURE AND PURCHASE BY PERSON IN POSSESSION.—One in possession of land, and receiving the rents and profits thereof under claim of ownership, will not be permitted to strengthen his title by allowing the land to forfeit for taxes and purchasing it at tax sale.

8. OFFICERS—OFFICIAL ACTS—PRESUMPTION OF VALIDITY.—The law presumes that every public officer does his duty, and that in his official acts that he has not exceeded his authority, and, if he

can act only in a certain contingency, that such contingency has happened.

9. TAX SALES—DEED—DELINQUENCY IN PREVIOUS YEARS.—A valid tax sale will pass title, though the State might still have a lien for delinquent taxes of previous years.

10. TAX SALES—DESCRIPTION.—A description of lands in the assessment as "part NW¼ of the NE¼, and west p. SE¼ of the NE¼, 50.96 acres," will render a sale thereof for non-payment of taxes, void.

11. TAX SALES—VOID SALE—REDEMPTION.—Where a tax sale is void because of the description, an attempt to redeem therefrom by the same description is ineffective.

Appeal from Boone Chancery Court; *T. H. Humphreys,* Chancellor; reversed.

*J. M. Shinn* and *Troy Pace,* for appellant.

1. Appellee is barred by the statute of limitations. Kirby's Digest, § 5061; 77 Ark. 324; 20 *Id.* 508; 20 *Id.* 542; 60 *Id.* 163, 499; 71 *Id.* 117; 53 *Id.* 418; 82 *Id.* 80; 59 *Id.* 460.

2. Appellant had the right to accept attornment from Patrick, although a tenant of appellee. 53 Ark. 238; 47 *Id.* 351; 17 *Id.* 546; 21 *Id.* 160; 45 *Id.* 177.

3. Appellee fails to show title in himself and can not maintain this action. He must succeed upon the strength of his own title. 95 Ark. 445; 37 *Id.* 643; 77 *Id.* 338; 82 *Id.* 295; 88 *Id.* 37; 90 *Id.* 420.

4. The lands are not sufficiently described in any of appellee's deeds. There is no proof of actual possession for two years. Appellee has paid no taxes since 1906, except a redemption. 74 Ark. 383. A redemption is not a payment of taxes. 83 *Id.* 520.

5. The tax sale of 1907 was valid and the description good, and therefore appellant by his purchase acquired a valid title. No forgery by erasure or interlineation was shown. Kirby's Digest, § 7086, provides that the clerk shall keep a record of delinquent lands, etc. The record alone can be looked to. 55 Ark. 30; 100 *Id.* 488; 51 *Id.* 34; 55 *Id.* 218. It can not be contradicted by parol evidence. 61 *Id.* 36; 68 *Id.* 248. Errors may be corrected. Kirby's Digest, § 7031.

6. As to indefinite descriptions, see 111 Ark. 220; 56 *Id.* 44; 45 *Id.* 17.

7. In conclusion, appellee is barred, he has failed to establish title in himself, as to the lands conveyed by clerk's deed, he has not complied with § 7105, Kirby's Digest; the descriptions are valid, the tax sales regular and appellant has acquired valid title to the lands.

*C. M. Cooke,* for appellee.

1. The description was void for uncertainty. 59 Ark. 460; 50 *Id.* 484; 56 *Id.* 172; 62 *Id.* 188. The deeds are not color of title and the two years' statute is no bar. A tenant can not dispute his landlord's title. 27 Ark. 50; 28 *Id.* 143; 84 *Id.* 220. Nor can a third person make use of his possession thus acquired to found a hostile claim to the landlord. Tiedeman, Real Property, Art. 171; 26 Barb. 443; 28 Ark. 153; 28 *Id.* 153; 39 *Id.* 136; 43 *Id.* 28. Patrick was appellee's tenant. Defendant's possession was not adverse. 76 Wis. 555; 45 N. W. 418. The deeds were not even color of title. 50 Ark. 484; 3 *Id.* 18; 30 *Id.* 640; 40 *Id.* 237. Appellant acquired no better title by the tax sale of 1910. 62 Ark. 188. The deeds to appellee sufficiently describe the lands to identify them.

2. It is presumed that the officers who executed the deeds were authorized to do so. 90 Ark. 420. The corporation would be estopped to deny its corporate existence. As against it appellee would have title and right of possession. 31 Ark. 274; 36 *Id.* 464. In cases like this it is only necessary to show such title that if the cloud raised by defendants' unfounded claim were removed, plaintiff would have a reasonably clear title. 37 Ark. 643.

3. Ejectment may be maintained upon the prior possession, or if parties through whom he claims, such possession being a sufficient *prima facie* title. 15 Cyc. 30; 21 Ark. 62; 31 *Id.* 334; 33 *Id.* 150; 40 *Id.* 108; 62 *Id.* 51.

4. It was not necessary to prove payment of taxes for seven years. The proof shows that the taxes were

paid until the void forfeiture in 1907. Kirby's Digest, § 5057, refers only to wild and unimproved lands, not in actual possession. The lands here were under fence, in cultivation and a house built.

5. Appellants' deeds were void. 56 Ark. 172. It was the duty of the clerk to correct errors found in his tax books (Kirby's Digest, § 7031), but it was beyond his powers to make the changes after the assessment and publication. 5 How. 365.

6. A tenant can not purchase the landlord's title. 21 Ark. 160. Tenants can not acquire title by limitation under a tax deed, their possession not being adverse. 77 Ark. 570; 33 Id. 195; 61 Tex. 302.

7. The void tax sale did not extinguish appellee's title. 62 Ark. 194; 15 Id. 363. Appellant acquired no title by adverse possession for two years. 62 Ark. 213. The descriptions are insufficient. 120 Ark. 528; 122 Id. 376. Adverse possession must be open, visible and notorious. 92 Ark. 30. The deeds should be canceled, and the title quieted in appellee.

STATEMENT OF FACTS.

On July 26, 1914, appellee brought suit in the Boone Chancery Court, alleging that he was the owner of the following land situated in Boone County, Arkansas, towit:

Commencing in the middle of the main channel of Crooked Creek, five chains due west of a point on line between the northeast quarter of northeast quarter and northwest quarter of the northeast quarter of section 1, township 18 north, range 20 west, 76 poles and forty links south of mutual corner of said tract on north line of said section, running thence north 46 degrees west, 4 chains to a branch; thence up said branch with meanderings of same 28 poles to a post oak marked "K;" thence north to north line of said section 1; thence west to the northwest corner of the northwest quarter of the northeast quarter of said section 1; thence south to the southwest corner of the southwest quarter of the northeast quar-

ter of said section 1; thence east to the dividing line be-
tween the lands of David Smith, Sr., and Samuel Milum;
thence to the division line between the northwest quarter
of the southeast quarter and the southwest quarter of
the southeast quarter of said section 1; thence east to
the center of southeast quarter of said section 1; thence
north to the northeast corner of the northwest quarter
of the southeast quarter of said section 1; thence due
east to the middle of the main channel of Crooked Creek;
thence down said creek to the beginning point, contain-
ing 98 acres more or less, and being a part of the west
half of the northeast quarter; part of the northwest
quarter of the southeast quarter and part of the south-
east quarter of the northeast quarter of section 1, town-
ship 18 north, range 20 west.

That the same was assessed for the year 1907, as
follows, towit:

SECTION 1, TOWNSHIP 18, RANGE 20.

Pt. NW. NE., W. Pt. SE. NE., 50.96 acres...Valuation $250
N. Pt. SW. NE., 20.04 acres................................Valuation $100
E. Pt. NW. SE., 27 acres................................Valuation $150

That, after the lands were returned delinquent un-
der the above description, the tax books and delinquent
list were fraudulently altered so as to describe the said
lands as follows:

E Pt. NW NE, W Pt. SE NE, 50.96 acres.

N½ SW NE, 20.04 acres.

E 27/40 NW SE, 27 acres.

That all of the above lands, by the latter description,
were sold to the State of Arkansas on the second Mon-
day in June, 1908, and after the second Monday in June,
1910, the clerk certified the same by the latter descrip-
tion as having been sold to the State, and on June 15,
1910, defendant purchased from the State Land Com-
missioner the N½ SW¼ of the NE¼ and the E 27/40 of
the NW¼ of the SE¼, both in section 1, township 18
north, range 20 west, and procured deed therefor.

Plaintiff further alleged that, on April 24, 1914, plaintiff redeemed from the State the following lands, towit:

E Pt. NW NE, W Pt. SE NE, above section, township and range; paying all taxes due on same up to and including the year 1913, and that this portion of his lands embraces part of the NW of the NE and part of the SW of the NW and part of the SE of the NE, section 1, township 18 north, range 20 west, and this, with the 47.04 acres bought by the said defendant from the State Land Commissioner, is all the land plaintiff claims, being 98 acres, more or less.

Plaintiff further alleged that for the year 1910, the following lands were erroneously placed on the tax books and were sold by the collector of taxes to the defendant, towit:

W ½ NW NE, 18 acres.

W ¼ SE NE, 6 acres.

S ½ SW NE, 20 acres.

N ½ SW NE, 20 acres, all in section 1, township 18 north, range 20 west.

Plaintiff deraigned title from the Bartles Lead & Zinc Company, a corporation, back to the original enterers of the land, and asked that the defendant's deed from the Commissioner of State Lands, and the four deeds from the clerk of Boone County, be removed as clouds upon his title.

Defendant's answer denied plaintiff's ownership of the lands in question, and denied that the tax titles relied upon by defendant were void as alleged, and further pleaded the statute of limitations of two years as to the N½ of the SW of the NE and the E 27/40 of the NW of the SE of section 1, township 18 north, range 20 west, alleging that he had been in actual possession thereof since June, 1910.

The chancellor found, from the evidence, that the lands claimed by plaintiff were assessed for the year

1907 in the name of H. A. Bower and described on the tax books as follows, towit:

Pt. NW NE.

W Pt. SE NE, 50.96 acres.

N Pt. SW NE, 20.04 acres.

E Pt. NW SE, 27 acres, section 1, township 18 north, range 20 west.

He found that there were erasures made both on the tax books and on the record of the notice of publication of the delinquent lands and interlineations made thereon, changing the N Pt. SW NE 20.04 acres to read N ½ SW NE 20.04 acres, and the E. Pt. NW SE 27 acres to read, E 27/40 NW SE, 27 acres.

The chancellor held that the description in the assessment and in the notice of delinquent lands as N Pt. SW NE, 20.04 acres, and E Pt. NW SE, 27 acres is a good description and sufficient to identify the lands in question. He accordingly decreed that the defendant's title thereto should be quieted as against the plaintiff.

He further found that defendant acquired no title to W½ NW NE, S½ SW NE, and W¼ SE NE, section 1, township 18 north, range 20 west, by virtue of the deeds from the clerk, and accordingly canceled the latter deeds as clouds upon plaintiff's title.

Defendant has prosecuted this appeal, and plaintiff has been granted a cross-appeal.

T. D. CRAWFORD, Special Judge, (after stating the facts). Appellant asks that his deed from the State Land Commissioner to the E 27/40 of the NW¼ of the SE¼, section 1, township 18 north, range 20 west, in Boone County, be confirmed and quieted. The chancellor found that this tract was assessed and advertised in the list of delinquent lands as "E Pt. NW SE, 27 acres," and that the tax books and record of the notice of the delinquent lands were changed so as to make the description read "E 27/40 NW SE, 27 acres." He held, however, that the description in the assessment as E Pt.

NW SE 27 acres, was a good description and sufficient to identify the land. **Was this holding correct?**

(1) This court has uniformly held such a description to be insufficient in a tax title. In *Covington* v. *Berry,* 76 Ark. 460, a tax deed describing the land sold as "E Pt. of the SE¼ of section 30, township 5 north, range east, containing 60.30 acres," was held void. So, where at a tax sale the deed described the land sold as "Part E½ NE¼, section 32, township 12 south, range 1 west, 55 acres," the deed was held void. *Dickinson* v. *Arkansas City Improvement Co.,* 77 Ark. 570. See also, *Hewett* v. *Ozark White Lime Co.,* 120 Ark. 528.

As a further source of title, appellant relies upon the two years' statute of limitations. He testified that he took possession of the above tract in 1910 by going down there and finding a Mr. Patrick in possession and cultivating the land. Patrick told him that he had been a tenant of the original owner. Appellant told Patrick that he had bought the land at tax sale and wanted possession, and Patrick agreed to hold under appellant and pay rent to him provided certain improvements were made by appellant. These improvements were made, and Patrick remained on the land as appellant's tenant for three years. Was Patrick's possession as tenant of appellant adverse to the holders of the legal title?

(2) The element of notoriety must be added to adverse possesion before it can ripen into title by limitation. A bare agreement on the part of one in possession of land to attorn to another, who claims it, is insufficient, in the absence of notoriety, to render the latter's possession adverse to a third party. *Johnson* v. *Elder,* 92 Ark. 30, 121 S. W. 1066. There is no evidence in this case that notice was in any manner brought home to appellee, or to his predecessors in title, that Patrick was holding adversely to him or them. Under these circumstances, the claim of title by adverse possession must fail.

(3-4) Appellant insists that appellee is not entitled to have his title to this tract of land confirmed, because he failed to show title in himself to the land. He quotes from *Bullock* v. *Duerson,* 95 Ark. 445, to the effect that a plaintiff in a suit to quiet title must succeed, if at all, as in actions of ejectment, upon the strength of his own title, and not upon the weakness of his adversary's. Appellee relied upon a deed purporting to be executed by the Bartles Lead & Zinc Company, by its president and secretary. Appellant in his answer denied that the Bartles Lead & Zinc Company was a corporation, and, if it was such, denied that said president and secretary had any authority to execute said deed conveying said lands. The appellant's abstract shows that a deed conveying these lands was executed by Jacob Bartles to the Bartles Lead & Zinc Company, and that the company conveyed the lands to appellee by a deed executed by its president and secretary, and that both deeds were duly acknowledged and recorded. There was no affirmative proof as to whether the Bartles Lead & Zinc Company was a duly incorporated company, or, if it was a corporation, whether its officers were authorized to execute such deed.

Appellant insists that, in the absence of proof, it will not be assumed that there was such a corporation, or that the president and secretary were authorized to execute the conveyance upon which appellee relies.

Appellant's abstract justifies a finding that the Bartles Lead & Zinc Company as a corporation undertook to receive and convey title to these lands. Except as against the State, it is immaterial whether such corporation was a *de jure* or a *de facto* corporation, and its conveyances are binding as against all the rest of the world. 1 Clark & Marshall, Private Corporations, Sec. 81d. Mr. Cook says: "The execution and delivery of an instrument by a corporation as a corporation raises the presumption that the company was regularly incorporated." 3 Cook on Corporations, Sec. 722, page 2554.

"Whenever the circumstances may have been such as to authorize a conveyance, lease, mortgage or pledge of its property by a corporation, that it was authorized will be presumed until the ·contrary is affirmatively shown." 1 Clark & Marshall, Private Corp., Sec. 164. Where land is conveyed to a company as a corporation, and by its president and secretary it undertakes, as such corporation, to convey such land to another, it will be presumed that it was regularly incorporated and that its officers were authorized to make the deed.

(5) Moreover, appellant is not in a position to insist upon the rule upon which he relies. The statutory presumption in favor of a conveyance of lands forfeited for taxes, executed by the Commissioner of State Lands (Kirby's Digest, § 4807) has been overcome in this case by proof that the land was not assessed by a sufficient description to identify the land. The deed of the commissioner being invalid, plaintiff was in fact a trespasser.

(6) While it is a general rule that a plaintiff in ejectment must recover upon the strength of his own title, and not upon the weakness of his adversary's, this rule has no application where the defendant is a mere trespasser invading the actual possession of plaintiff, in which case plaintiff can recover on prior peaceable possession alone. 15 Cyc. 22; *Green* v. *Jordan,* 83 Ala. 220, 3 Am. St. Rep. 711; *Horton* v. *Murden,* 117 Ga. 72; *Rhule* v. *Seaboard Air Line Ry. Co.,* 102 Va. 343; Newell on Ejectment, p. 434; Warvelle on Ejectment, Sec. 237; *John Henry Shoe Co.* v. *Williamson,* 64 Ark. 100; *Price* v. *Greer,* 76 Ark. 426.

The rule requiring the plaintiff, in actions of this character, to recover on the strength of his own title, is based upon the presumption that a defendant in possession is rightfully in possession. No such presumption obtains in favor of a mere trespasser.

Appellant claims title, by purchase at tax sale in 1911, to the following tracts of land, all situated in section 1, in township 18 north, range 20 west, towit:

1.  The N½ of the SW¼ of the NE¼.
2.  The W½ of the NW¼ of the NE¼.
3.  The S½ of the SW¼ of the NE¼.
4.  The W¼ of the SE¼ of the NE¼.

Four separate deeds were executed in 1913 by the county clerk, conveying the above lands to appellant in pursuance of the tax sale in 1911.

Appellee has pointed out no defect in the sale or in the deeds, except that he contends that tracts 1, 2 and 4 were improperly placed on the tax books, and that appellant was disqualified from purchasing the first tract by reason of being in possession thereof.

(7)  As to the tract numbered 1, the N½ of the SW¼ of the NE¼, appellee contends that, inasmuch as this land forfeited to the State in 1907 by an erroneous description, and was purchased by appellant from the State, he could not acquire a better title by allowing it to forfeit for taxes and buying it in. This contention must be sustained. One in possession of land, and receiving the rents and profits thereof, under claim of ownership, will not be permitted to strengthen his title by allowing the land to forfeit for taxes and purchasing it at tax sale. *Rodman* v. *Sanders,* 44 Ark. 504; *Wade* v. *Goza,* 99 Ark. 543. The purchase of land at tax sale can not have the effect of strengthening the title of those who are in possession and taking the profits, since they ought to keep down the taxes. *Hunt* v. *Gaines,* 33 Ark. 275.

In this case, defendant testified that he was in possession of the land, and that he received the rents and profits thereof for the year in which it was delinquent. As to this tract, his title must fail.

As to the second and fourth tracts, appellee's contention is that these tracts forfeited to the State in 1907, and that this took the tracts off the tax books and they

could not be replaced thereon until the State Land Commissioner certified the lands back to the clerk.

(8) Conceding, without deciding, that this is true, it does not appear that the lands were not properly certified by the State Land Commissioner, before the county clerk placed them on the tax books. The law presumes that every officer does his duty, and that in his official acts he has not exceeded his authority, and, if he can act only in a certain contingency, that such contingency has happened. *McCamey* v. *Wright,* 96 Ark. 477.

(9) The sale of these lands for the taxes of 1910 was not invalid because the taxes due on these tracts for previous years were not entered on the tax books for the year 1910. It is true that Kirby's Digest, § 7022, makes it the duty of the county clerk to enter on the tax books the taxes for the years in which the lands have escaped taxation. A valid tax sale for 1910 would pass title as against the original owner, though the State might still have a lien for the taxes of previous years. It does not appear, however, that the taxes for the intervening years have not, in fact, been paid.

(10) Furthermore, appellee's contention is that the description of these two tracts in the assessment of 1907 was absolutely void. They were described in the tax sale in 1911 as the W½ of the NW¼ of the NE¼, and the W¼ of the SE¼ of the NE¼; but in the tax assessment of 1907 they were described as part NW¼ of the NE¼, and W. pt. SE¼ of the NE¼, 50.96 acres. The court agrees with appellee's contention that the description in the tax assessment of 1907 was void, and that it described no lands and that the tax sale was thereby rendered void, even though the land was correctly described in the State Land Commissioner's deed. It is obvious that, under these circumstances, no title passed to the State by the forfeiture, and the lands could properly be placed on the tax books.

(11) On April 24, 1914, appellee undertook to redeem the two tracts of land which forfeited to the State

in 1910 for the taxes of 1907, towit, E Pt. NW¼ NE¼ and W Pt. SE¼ NE¼, section 1, township 18 north, range 20 west, 50.96 acres, by paying the taxes for that year and the intervening years. He claims to own that part of NW¼ NE¼ of the section which lies west of Crooked Creek and a certain branch thereof. He admits that so much of the forty-acre tract as lies east of these streams belongs to a third person, whose taxes have been paid. Inasmuch as the forfeiture of the above described tracts in 1910 is held to be void for inadequacy of description of the lands, a redemption thereof by the same description is equally ineffective, since it can not be ascertained from the redemption deed what lands were redeemed.

No objection whatever is pointed out to the third tract purchased in 1911 by appellant from the tax collector, namely, the S½ of the SW¼ of the NE¼, in the section, township and range aforesaid. This tract does not seem to have forfeited in 1907.

It will be noticed that appellee's record title is meandered by a certain stream called "Crooked Creek" and by a certain branch thereof. No plat has been furnished in the transcript showing the course of this stream. It is impossible for this court to determine just how much of the land purchased by appellant at the tax sale of 1911 was included in the lands claimed by appellee under his deed from the Bartles Lead & Zinc Company.

As against the appellant, the appellee's title to the E 27/40 of the NW¼ of the SE¼, and the N½ of the SW¼ of the NE¼, both of section 1, township 18 north, range 20 west, will be quieted.

As against the appellee, the decree as to appellant's title to the W½ of the NW¼ of the NE¼, and the S½ of the SW¼ of the NE¼ and the W¼ of the SE¼ of the NE¼, all in section 1, township 18 north, range 20 west, in Boone County, is reversed and remanded with directions to enter a decree accordingly.

HART and SMITH, JJ., dissent in part.

HUMPHREYS, J., not participating.