PHILLIPS *v.* MICHEL.

4-9269                                                       233 S. W. 2d 551

Opinion delivered November 6, 1950.

*Johnson & Johnson,* for appellant.

*E. K. Edwards,* for appellee.

DUNAWAY, J. This cause arose as a suit to enjoin a continuing trespass, brought by appellee Michel as sole heir-at-law of Edward Michel, who died intestate on September 26, 1948. Appellants, defendants below, are the widow and heirs-at-law of Floyd Phillips, who died intestate on October 26, 1942.

The complaint alleged that Edward Michel had acquired title to the property in litigation, consisting of approximately nine acres of land, by purchase in 1917; and that he had been in actual, open, continuous, exclu-

sive possession of all said property from 1917 until the time of his death in 1948. It was further alleged that defendants had within the past year been guilty of trespass in that they had cut and removed timber from the lands; removed some of the roofing from a certain outbuilding; and had turned cattle and other livestock in upon said lands. Defendants were doing this under some claim of right or interest in the lands, it was alleged, though they had no right or interest in same.

Defendants answered, claiming ownership by adverse possession under a tax deed from the State of Arkansas, alleging that they had held possession of said lands since acquisition of the tax title by Floyd Phillips in 1932 and had paid the taxes on the property for more than ten years. Defendants prayed that their title be quieted in said property.

This appeal is from a decree quieting title in appellee Michel and granting the injunction prayed for against further trespass by appellants.

The tax deed relied upon by appellants was issued to Floyd Phillips on August 1, 1932, by the State Land Commissioner. The lands were described in the deed as "Part NE¼ NW¼ NW¼ Sec. 26, Twp. 9 S., Range 30 W., 9.00 acres", and it was shown that the forfeiture to the State was for non-payment of taxes for the year 1924. It is conceded that the tax forfeiture and deed were void not only because of the insufficiency of the description, *Cotton* v. *White,* 131 Ark. 273, 199 S. W. 116, but also because the 1924 taxes on the property had in fact been paid.

Appellants argue, however, that they acquired title by more than seven years adverse possession. This they sought to prove by the testimony of Loel Phillips, one of the appellants, and Bob Bizzel. Their testimony was that in February, 1933, they went with Floyd Phillips to see Edward Michel. Floyd Phillips told Michel of his purchase of the tax deed to the property where Michel was then living, and where it is admitted he continued to live until his death in 1948.

Loel Phillips testified that his father told Michel that he did not want to "run him out of his home", but would give him a deed to the property if Michel would repay the elder Phillips the money he had paid to the State. When Michel told Phillips he was not in a financial position to do this, Phillips told him he could continue to live there the rest of his life, but that he, Phillips, was going to continue paying taxes on the property. The balance of Loel Phillips' testimony was to the effect that Edward Michel did continue to live on the property until he died under this "agreement" with the elder Phillips. At the time of the visit to Michel in 1933 Loel Phillips was eleven years of age.

Bizzell testified that Michel said "I ain't going to be out a dime" or something to that effect when Phillips' offer was made. Bizzell further testified as follows: "Edward just made the remark that a home was what he wanted and if he got a home, that was all he wanted. And Floyd said, 'Yes, you have got a home. You can stay here the rest of your life', and that is about all the discussion."

It was further shown at the trial that from 1933 on the house in which Michel lived, the outbuildings, and fences fell into an increasing state of dilapidation. No taxes were paid thereafter by Michel; taxes from 1933 through 1949 on "Pt. NE NW NW, Section 26, Township 9 South, Range 30 West, containing 9 acres" were paid by Floyd Phillips or Loel Phillips and the Floyd Phillips Estate.

Appellants contend that the testimony above-outlined established an attornment by Edward Michel to Floyd Phillips in 1933, and that thereafter Phillips held possession of the nine-acre tract through Michel as his tenant. In arguing that seven years adverse possession after attornment ripened into title in Phillips, appellants rely on the cases of *Wheeler* v. *Foote,* 80 Ark. 435, 97 S. W. 447 and *Johnson* v. *Elder,* 92 Ark. 30, 121 S. W. 1066, as authority for their position. The cases are distinguishable on the facts.

*Wheeler* v. *Foote, supra,* involved a suit between two parties, both of whom claimed title to a tract of land by limitations. The prevailing party, a Mrs. Foote, claimed title by actual adverse possession of part of the tract under color of title to the whole. In that case, a third party who owned land adjoining the disputed tract had occupied a part of the land in controversy under a mistake as to the boundary. When informed of his mistake, the occupant agreed to continue his possession as tenant of Mrs. Foote. This court held that in these circumstances Mrs. Foote established her title by adverse possession through actual possession by her tenant.

Likewise, in *Johnson* v. *Elder, supra,* there was a third party occupying a part of the lands there in controversy who agreed to continue his possession as the tenant of one of the claimants to the land, whose alleged ownership was based upon a void tax deed. There is language in the original opinion in the Johnson case to the effect that one in possession of land under a claim of ownership may attorn to another claiming superior title and thereafter occupy the lands merely as tenant of the latter. On rehearing however, the actual decision in the case considerably modified the force of this language. Upon it being shown that prior to the attornment the alleged tenant had himself acquired title by adverse possession to the part of the land he occupied, the court held the agreement to attorn void for want of consideration. The holder of the void tax deed therefore failed to prove his title by adverse possession since he was claiming possession through the third party as tenant and this court held that there was no tenancy.

Under the holding in the Johnson case, the alleged attornment in the case at bar would have been void for want of consideration even if a definite agreement to attorn had been made. We do not think, however, that the proof was sufficient to establish such an agreement by Edward Michel.

It is conceded that the lands in controversy were improved and enclosed, and actually occupied by Edward

Michel. The statutes providing that payment of taxes on unimproved lands creates a presumption of possession (Ark. Stats. 1947, § 37-102—seven years consecutive payment of taxes under color of title) or of color of title (Ark. Stats. 1947, § 37-103—fifteen years consecutive payment of taxes) have no application. *Wheeler* v. *Foote, supra; Schmeltzer* v. *Scheid,* 203 Ark. 274, 157 S. W. 2d 193. In addition the tax payments by the appellants were made under the same insufficient description which rendered their tax deed void.

The decree is affirmed.