## BEARDSLEY v. NASHVILLE.

### Opinion delivered June 26, 1897.

MUNICIPAL CORPORATION—USE AND OCCUPATION.—A town which by mistake places on private land a building intended by it to be erected on an alley is liable to the owner of such land for the use and occupation of the land.   (Page 242.)

DEED—INCONSISTENT DESCRIPTIONS.—Where a deed conveying a town lot described the lot as running 142 feet to an alley, when the lot was in fact only 134 feet long, according to the recorded plat, the deed should be construed to convey only to the alley.   (Page 243.)

EVIDENCE—DEED—A deed describing the lots conveyed as running from a specified street a designated distance to an alley is inadmissible against a stranger to show that such alley was that distance from such street, instead of a smaller distance as shown by the recorded town plat. (Page 243.)

Appeal from Howard Circuit Court.

WILL P. FEAZEL, Judge.

### STATEMENT BY THE COURT.

The appellant, Beardsley, was the owner of town lot No. 24 in block 23 in the town of Nashville, Ark. The town council of the incorporated town of Nashville directed certain persons in its employ to build a house upon the alley on which this lot of appellant abutted, and opposite this lot, for the purpose of keeping therein its fire engine and attachments. The house was erected, and stood several years, when it was removed. Shortly after the house was removed, this action was brought by appellant against the town for the rental value of the lot in question. The appellant claims that the house in question was erected upon his lot, and that he is entitled to recover for the use and occupation of the portion of the lot upon which the house stood. The answer of the defendant denied that the house in question was built upon the lot of plaintiff, or that it at any time occupied said lot. The proof tended to show that the town council intended to erect this engine house in the alley between the lot owned by Beardsley

and the rear end of the lot owned by Skillern, but that through mistake a portion of the building, when erected, stood upon the lot owned by appellant. The record of the town plat showed that Skillern's lot fronted east on Main street, and extended back a distance of 134 feet to this alley. The alley was sixteen feet wide, and west of the alley was the lot owned by plaintiff, the position of which can be better understood by reference to the plat.

BLOCK 23.

The testimony showed that the engine house was 16 feet wide, and 24 feet long, fronted south on Howard street, being the southern boundary of block 23. The building extended north 24 feet. The east side of the building was 143 feet west from the eastern boundary of Main street, and the west side of building was 159 feet from Main street.

Over the objection of the plaintiff, the defendant was allowed to read as evidence a deed from P. F. Beardsley conveying lots 1 and 2 to Skillern, in which deed said lots were described as follows: "Lots 1 and 2, block 23, Nashville, Howard county, Arkansas, each being twenty-five feet wide, and bounded as follows: Beginning at the southeast corner of

block 23 aforesaid, and running thence west 142 feet to an alley; thence north along the eastern boundary of said alley fifty feet; thence east to Main street; thence south to point of beginning."

There was a verdict and judgment for defendant, from which plaintiff appealed.

*W. C. Rodgers,* for appellant.

The town had no right to appropriate the alley to erect a building on. 50 Ark. 466, 473; 24 *id.* 102. The deed of Skillern was improperly admitted in evidence. 9 Cranch, 173; 5 How. 187, 193; 3 Ark. 18, 57; 6 Wheat. 581; 13 Otto, 316; 61 Iowa, 385. Plaintiff, under the evidence, was entitled to recover the rental value of the land, nominal damages at least, and his costs. 14 Ark. 421, 431; 25 *id.* 590; 11 *id.* 212; Suth. Dam. (1st Ed.) p. 10.

*D. B. Sain,* for appellee.

Plaintiff was not the owner of the lot when the suit was brought, and he cannot recover. The deed to Skillern was properly admitted. Tiedeman, Real Prop. §§ 831, 839. Plaintiff has no interest in the ajoining lots, and cannot recover. 19 Conn. 182; 11 *id.* 82; 13 Mass. 255; 94 U. S. 324. The city has the care, supervision and control of its streets and alleys (Sand. & H. Dig., § 5179), and could use same for other purposes, if the owners of the adjoining lots did not object, and they did not.

RIDDICK, J., (after stating the facts.) We are of the opinion that the judgment should be reversed, for the reason that the evidence conclusively shows that plaintiff was entitled to recover, in any event, some small amount for the use and occupation of his lot. The court, we think, also erred in permitting the deed from Beardsley to Skillern to be read as evidence to the jury. This deed described lots 1 and 2, block 23, conveyed to Skillern, as running from Main street west 142 feet to an alley. The lots were in fact only 134 feet long, and the intention of the parties to this deed clearly was not to convey land beyond the alley, for the deed refers to the number of lot and block, and described the lot as bounded by the alley

"A deed is to be construed according to the intention of the parties as manifested by the entire instrument, although such construction may not comport with the language of a particular part of it." When a deed contains two descriptions of the land conveyed which are inconsistent with each other, that description must control which best expresses the intention of the parties, as manifested by the whole instrument and the surrounding circumstances. *Driscoll* v. *Green*, 59 N. H. 101; Devlin, Deeds (2 Ed.) § 1038, and cases cited. Under these rules we think it is clear that the description of these lots in this deed as extending 142 feet must be rejected, and the description which bounds these lots on the west by the alley must control.

But the purpose of introducing this deed was to convince the jury that the alley was 142 feet west of Main street, instead of 134 feet, as shown by the recorded town plat. It was allowed to be read to the jury as showing this fact, and they were probably misled by it to find that the house was located in the alley, and not upon the lot as claimed by plaintiff. Such a use of the deed as evidence was prejudicial to appellant. The question at issue in the case was whether the house erected by defendant was located upon the lot owned by plaintiff. There was no question as to the validity and correctness of the deed and plat attached thereto, by which the streets and alleys were originally dedicated and conveyed to the town of Nashville, which deed and plat showed that the alley in block 23 was only 134 feet west of Main street. The deed to Skillern, read in evidence by the defendant, was executed long after the streets and alleys had been established, and could not affect or change them, nor did it purport to do so. The recitals of this deed, therefore, had no bearing upon the issue, which, as stated above, related to the location of the house. Its introduction as evidence only tended to confuse and mislead the jury, and was therefore improper.

The appellant has argued at some length that, even admitting the house in question to have been located in the alley, instead of upon his lot, he is still entitled to recover, but we do not feel called upon to consider that question, as it is not raised by the pleadings. Plaintiff sued the defendant for the use and

occupation of lot No. 24. The town of Nashville denied that it had used or occupied said lot. No question as to the use and occupation of the alley was in issue.

For the errors indicated, the judgment is reversed, and a new trial ordered.

Absent WOOD, J.