SCHMIDT *v.* DRAINAGE DISTRICT No. 17.

Opinion delivered November 17, 1919.

1. DRAINS AND DITCHES—ASSESSMENT OF DAMAGES.—A land owner can not complain of a failure to assess damages to his land, by the directors of a district created by act 103 of 1917, where his complaint does not show that he gave the notice required by the statute.

2. PUBLIC LANDS—EMINENT DOMAIN.—The public lands of the United States situated within a State, and held for sale or settlement, are subject to the eminent domain of the State.

3. PUBLIC LANDS—DAMAGES TO—RIGHT OF HOMESTEADER.—A homesteader upon public lands has, from the date of making a formal entry of his claim at the public land office and paying the sum required by law, such a vested right of property therein as will permit him, before the issuance of a patent, to recover damages for an injury to the land.

Appeal from Mississippi Circuit Court, Chickasawba District; *R. H. Dudley,* Judge; affirmed.

The appellant, *pro se.*

The court erred in sustaining the demurrer, the appellant was not bound to file complaint with the county court at the first term after the publication of the notice of assessment. Act No. 103, Acts 1917, p. 485. His lands were United States homestead lands, and he had not received a patent therefor, and they were not subject to assessment. They were taken wrongfully, to his great damage.

*Davis, Costen & Harrison,* for appellee.

The complaint does not show that plaintiff gave the board, within 30 days after the assessment was filed, notice in writing that he demanded an assessment of damages by a jury and in fact no such notice was given. The identical question here was passed on by this court in 213 S. W. Rep. 334.

HART, J. Joe Schmidt brought this suit against Drainage District No. 17 to recover damages for land taken and injured by said district.

In his complaint he alleges that he entered certain lands under the homestead laws of the United States and was in possession thereof prior to the creation of Drainage District No. 17; that he has complied with the laws of the United States in regard to the entry of said lands and in due time will receive a patent to said lands from the United States. It is also alleged in the complaint that the drainage district entered upon said lands and destroyed timber thereon and also took a part of said lands for the purpose of constructing a drainage ditch. The complaint also alleges that the board of directors of the drainage district failed to view and assess the damages to his lands as provided by section 9 of Act 103 of the Acts of 1917. The court sustained a demurrer to the complaint and the complaint was dismissed. The case is here on appeal.

The drainage district was organized under Act 103 of the Acts of 1917. See Acts of 1917, page 485. Section 9 of the act provides for the assessment of benefits. The section in part is as follows:

"The board shall also assess all damages that will accrue to any land owners by reason of the proposed improvements, including all injury to lands taken or damaged; and where they return no such assessment or damages as to any tract of land, it shall be deemed to be a finding by them that no damage will be sustained."

The section further provides for a hearing in the county court by the owner of real property who feels himself aggrieved by the assessment of benefits.

Section 10 provides that any property owner may accept the assessment of damages in his favor made by the board; or acquiesce in their failure to assess damages in his favor, and shall be construed to have done so unless he gives to the board, thirty days after the assessment is filed, notice in writing that he demands an assessment of his damages by a jury, etc.

(1) The complaint does not show that the plaintiff complied with section 10 of the statute in regard to giving notice. A statute in all respects similar to the one now under consideration was upheld by this court in *Dickerson* v. *Tri-County Drainage Dist.*, 138 Ark. 471. There as here the commissioners made no assessment of damages to any particular tract and the court held that no finding need be reported where no damages are found or those found are exceeded by the benefits. The case at bar is ruled by that case and reference is made to it for the reasoning of the court.

It is also insisted that the plaintiff had entered the lands as a homestead under the laws of the United States and had not yet received a patent thereto and for this reason that the court erred in sustaining the demurrer.

(2) In Lewis on Eminent Domain (3 Ed.), vol. 2, par. 414, (264), it is said that the public lands of the United States situated within a State and held for sale or settlement are subject to the eminent domain of the State.

(3)  In a case note to 17 L. R. A. (N. S.), p. 958, it is said that a homesteader upon public lands has, from the date of making a formal entry of his claim at the public land office, and paying the sum required by law, such a vested right of property therein as will permit him, before the issuance of a patent, to recover damages for an injury to the land; and many cases are cited in support thereof.

It follows that the judgment must be affirmed.