## WATSON *v.* ARTHUR.

### Opinion delivered March 1, 1920.

1. PLEADING—SUFFICIENCY OF COMPLAINT.—Where the sufficiency of a complaint is tested on demurrer, every inference reasonably deducible therefrom must be considered.

2. USE AND OCCUPATION—ALLEGATION OF OWNERSHIP.—In an action to recover the rental value of land, a complaint alleging that plaintiff had foreclosed a deed of trust of the land, and that a commissioner's deed had been delivered to him, sufficiently alleges, as against a demurrer, that plaintiff was the present owner of the land.

3. USE AND OCCUPATION—ALLEGATION OF RENTAL VALUE.—In an action to recover the rental value of land occupied by defendant, allegations in the complaint to the effect that defendant collected $150 from one to whom he had rented the land sufficiently showed that the land had a rental value, though the sum collected was not conclusive of the amount thereof.

4. USE AND OCCUPATION—LIABILITY OF OCCUPANT.—The relation of landlord and tenant need not be established in an action of use and occupation; it being sufficient to prove ownership on one hand and occupation on the other.

5. USE AND OCCUPATION—PERSON LIABLE.—An owner of land may treat the possession thereof by the tenant of another as the possession of the latter, and may recover the rental value of the land from him.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; reversed.

*Avery M. Blount* and *Saye & Saye,* for appellant.

The court erred in sustaining the demurrer because (1) the allegations of the complaint showed title in plaintiff sufficient to maintain action. 53 Ark. 449; 79 *Id.* 544; 127 *Id.* 147; 191 S. W. 919; 15 Cyc. 95. (2) The complaint states facts sufficient to constitute a cause of action under Kirby & Castle's Digest, section 5503; 25 Ark. 134; 27 *Id.* 55; 64 *Id.* 240; 105 *Id.*

307; 79 *Id.* 544. No demand for performance was necessary. 13 Ark. 69.

*J. N. Rachels,* for appellee.

Appellant relied on Kirby's Digest, section 4700, and the complaint failed to state a cause of action or to establish it. 25 Ark. 134; 27 *Id.* 55; 105 *Id.* 307; 57 *Id.* 215; 134 *Id.* 240.

SMITH, J. In the complaint filed in this cause it was alleged that on March 4, 1914, appellant was the owner of certain lands, which she then conveyed to J. S. Matthews for the sum of $850, which said sum was secured by a deed of trust on said lands. That on January 6, 1916, Matthews, by quitclaim deed, conveyed the land to appellee, F. M. Arthur, who, on the ............... day of March, 1916, conveyed the same, by quitclaim deed, to one Andrews.

That default having been made by Matthews in the payment of the purchase money, a suit was brought to foreclose the deed of trust securing it, and a decree to that effect was obtained. The complaint proceeds to recite that the commissioner named in the decree sold the land, filed a report of sale, which was duly approved and confirmed, and that the commissioner had executed and delivered his deed, which had been duly approved by the court, to appellant, who was the purchaser at said foreclosure sale, a copy of the deed being attached as an exhibit to the complaint.

The complaint further alleged that "plaintiff further states that defendant, F. M. Arthur, failed to deliver up possession of said lands until January, 1918. That during the year 1917 defendant, without plaintiff's knowledge and against her will and consent, retained possession of said above described lands, and rented or leased a part of same to one F. H. Barrett, and collected the rent for same to the amount of $150, and has converted same to his own use and benefit." There was a prayer for judgment for $150.

A demurrer to this complaint was sustained, and the cause dismissed, and this appeal is from that order.

Appellee defends the action of the court upon several grounds. It is first insisted that the complaint shows Barrett, and not appellee Arthur, to be the occupant in possession of the land, and counsel, therefore, says: "Certainly, Barrett might by some way be sued for use and occupation of the farm, but by no law could Arthur be sued." It is also asserted that the complaint does not allege appellant to be the owner of the lands, or that, if she ever had the title, she has not since conveyed it away; that the complaint does not allege that the lands had any rental value, or that appellant had been deprived of their use, or, if so, that she had been damaged thereby.

It must be confessed that the complaint leaves something to be supplied by intendment; but it must also be remembered that its sufficiency is being tested on demurrer, and that when so tested every inference reasonably deducible therefrom must be considered. *Sallee* v. *Bank of Corning,* 122 Ark. 502. When so tested, we think it fairly appears that the complaint has alleged that appellant is the present owner of the land by virtue of the commissioner's deed, and was such owner during the occupancy for which she sues. The complaint does not specifically allege that the lands had a rental value; but it does allege that appellee collected $150 on that account; and we think this is sufficient to allege that the lands did have a rental value. Of course, the sum collected by appellee is not conclusive of the amount of such value.

We conclude, therefore, that appellant has alleged facts entitling her to recover against the occupant, for in the case of *Dell* v. *Gardner,* 25 Ark. 134, the court, in construing the statute which has since become section 4700 of Kirby's Digest, said: "It is not necessary, says the court in *Hull* v. *Vaughan,* that the relation of landlord and tenant should be distinctly made out between the parties; if there is, in point of fact, an ownership on the one hand and an occupation on the other, that will suf-

fice; and this rule, so conducive to the ends of justice, we will adopt in this case, in which the entry appears to have been peaceable, and the occupation acquiesced in by the owners." This doctrine has since been repeatedly reaffirmed.. *Bright* v. *Bostick,* 27 Ark. 55; *Beardsley* v. *Nashville,* 64 Ark. 240; *Cooley* v. *Ksir,* 105 Ark. 307.

Upon the proposition that the complaint shows Barrett, and not Arthur, to be the occupant, it suffices to say that appellant may elect, as she has done, to treat Barrett's possession as that of Arthur, and may hold Arthur as the occupant, although his possession was by tenant. One is in possession of land whose tenant occupies it for him.

It appears that our use and occupation statute was modeled after the English statute on that subject, although, as was said in the case of *Dell* v. *Gardner, supra,* our statute is more comprehensive than the English statute. Yet, in the case of *Bull* v. *Sibbs,* decided in the Court of King's Bench in 1799 (8 Durnford & East's Reporter, 327), where a suit was brought under the use and occupation statute—when common law pleading in all its inflexibility was in force—the court said of the defense, that the defendant was not himself in possession, "that if Ditchell occupied the land under the defendant, the latter was answerable to the plaintiff in this form of action; that the occupation by the tenant of the defendant was, as far as it respected the plaintiff, an occupation by the defendant himself." See, also, 1 Underhill on Landlord & Tenant, sec. 364.

The decree is, therefore, reversed.