MONTGOMERY *v.* MASSEY.

Opinion delivered October 11, 1920.

1. PLEADING—ABANDONMENT OF DEFENSE.—Where defendant filed an answer setting up two defenses, but, on a demurrer to the answer, confined his argument entirely to one of the defenses, he will be deemed to have elected to stand on such defense, and to have abandoned the other defense.

2. LANDLORD AND TENANT—AFTER-ACQUIRED TITLE.—In an action by a lessee against a sublessee for rent, it was no defense that the land had been sold for the purpose of paying the owner's debts and that the sublessee, to protect his own interest, was forced to purchase the land, as the tenant can not dispute his landlord's title nor interpose an after-acquired title in defense of a suit by the landlord, either for possession or for rent.

Appeal from Conway Circuit Court; *A. B. Priddy,* Judge; affirmed.

*Sellers, Gordon & Sellers,* for appellant.

Appellant was in possession of the land and did not obtain possession by virtue of his contract with appellees, and he did not have to surrender the possession in order to set up title as their rights were not prejudiced by reason thereof. 112 Ark. 105; 33 Cal. 237. It was reversible error in the circuit court to sustain plaintiff's demurrer to the answer of the defendant.

*Strait & Strait,* for appellees.

Appellant having recognized appellees' right and renewed his rental contract for 1919, and executed note therefor, can not dispute his landlord's title or right or interpose an after-acquired title in action to recover rent. 125 Ark. 141; 112 *Id.* 105; 39 *Id.* 135; 9 *Id.* 328; 20 *Id.* 547; 13 *Id.* 385; 31 *Id.* 222; 7 *Id.* 310; 27 *Id.* 50. The possession of a tenant is that of the landlord, and the tenant can not acquire an adverse title as against the landlord. 114 Ark. 376. A tenant in possession can not disclaim his landlord's title without surrendering possession. 43 Ark. 28; 27 *Id.* 50; 28 *Id.* 153. A tenant can not extinguish his landlord's title by purchasing a title adverse to his landlord. 45 Ark. 177; 77 *Id.* 570; 28 *Id.* 153; 42 *Id.* 289. See, also, 84 *Id.* 224; 27 *Id.* 50; 27 *Id.* 527; 33 *Id.* 536; 38 *Id.* 584; 39 *Id.* 138; 15 *Id.* 104; 28 *Id.* 153; 41 *Id.* 535; 43 *Id.* 32; 53 *Id.* 532; *Ib.* 94; 54 *Id.* 461. The case in 112 Ark. 105, cited for appellant, is not applicable.

SMITH, J. This suit was brought in the court of a justice of the peace upon the following note:

"On October 15, 1919, I promise to pay to the order of E. J. Massey and J. C. Ramsey, or their assigns, one hundred and twenty dollars, with interest from maturity until paid, at the rate of 10 per cent. per annum after maturity, and with 10 per cent. attorney's fee if placed in the hands of an attorney for collection, payable out of the first and all crops harvested from said lands at

Morrilton, Arkansas, being for the rent for year 1919, of the farm herein described.

"And I further promise that I will not commit or permit any waste on said premises, and will cut no timber on said farm except for necessary firewood and repairs on said farm, and I agree that any violation of this agreement shall terminate all my rights as tenant at once at the option of E. J. Massey and J. C. Ramsey or their assigns without notice, and that all improvements, repairs, etc., of whatsoever kind and nature made by me on said farm shall become the property of the above parties.

"The land covered by this note is about fifty-seven acres, located north of Lanty, Ark., and known as the Lovingwood or Finley place in Conway County, Arkansas.

"W. U. Montgomery."

There was a judgment for plaintiffs in the justice court, and upon appeal to the circuit court an answer was filed, in which the execution of the note was admitted, but two defenses were pleaded.

The first defense was that defendant, upon investigation, found that plaintiffs, who had represented that they had a valid lease on the land, did not have a lease on said land, and had no authority to rent the land, and that defendant had been unable to hold the land under his contract with the plaintiffs.

As a second defense it was alleged, "That said land was sold by order of the probate court of Conway County for the purpose of paying the debts of its owner, W. J. Finley, and that this defendant, in order to protect his own interest, was forced to, and did, purchase said land at said probate sale and was made and executed a valid deed to said land, which deed was approved by the probate court in due form."

A demurrer was filed to the answer, and the court made the following order upon hearing the demurrer:

"And the defendant, having filed an answer herein setting up and alleging an after-acquired title in defense

of plaintiff's right to recover said rent, demurrer to the jurisdiction of this court by reason thereof, and the said demurrer coming on for argument and being argued, and the court being well and sufficiently advised, doth over-rule said demurrer, to which ruling the defendant at the time excepted; and, the cause then coming on for hearing upon the demurrer of the plaintiffs to that paragraph of the said answer setting up and alleging as a defense to plaintiffs' right to recover the said after-acquired title, and to no other portions of said answer, and the court, being well and sufficiently advised thereon, doth sustain said demurrer to said paragraph insofar as it sets up an after-acquired title as a defense in this cause; to which ruling of the court the defendant at the time excepted and saved exceptions. And the said defendant in open court, electing to stand upon the said rulings of the court and the pleadings herein, declined to answer, plead or proceed further in this cause.''

Whereupon judgment was rendered for the amount of the note sued on, and this appeal is from that judgment.

Upon this state of the record, the cause must be treated as if appellant had abandoned his first defense and had elected to stand upon the second alone; and, that being true, the judgment was correct, as this court has many times held that the tenant can not dispute his land-lord's title, nor interpose an after-acquired title, in de-fense of a suit by the landlord either for possession or for rent. *Brewer* v. *Keeler*, 42 Ark. 289; *Pickett* v. *Ferguson*, 45 Ark. 177; *Dickinson* v. *Arkansas City Improvement Co.*, 77 Ark. 570; *Dunlap* v. *Moose*, 98 Ark. 235; *Burton* v. *Gorman*, 125 Ark. 141.

Judgment affirmed.