GARRETT v. EDWARDS.

Opinion delivered March 16, 1925.

1.  LANDLORD AND TENANT—PURPOSE OF UNLAWFUL DETAINER ACTION. —The action of unlawful detainer merely decides the right to the immediate possession of lands and tenements, and not the right or title of the parties to or in them.

2.  LANDLORD AND TENANT—ESTOPPEL.—A tenant cannot dispute the title of his landlord while he remains in possession under him, nor acquire possession from the landlord by lease and then dispute his title, but must first surrender possession.

3.  LANDLORD AND TENANT—UNLAWFUL DETAINER—ANSWER.—Where
    a landlord sued for possession, an answer of the tenant that after
    he received possession certain third persons claimed to own the
    premises and rents, and that thereafter defendant deposited the
    rents in a bank awaiting settlement of the question of ownership
    of rents, with prayer that such third party be made defendant
    and required to litigate the question of ownership of rents, *held*
    demurrable.

Appeal from Conway Circuit Court; *J. T. Bullock,*
Judge; affirmed.

*Edward Gordon,* for appellant.

*Eades & Eddy,* for appellee.

SMITH, J.   Appellee brought an action of unlawful
detainer to recover from appellants the possession of a
lot in the town of Blackwell, which he alleged that he had
rented them on November 10, 1922, for a monthly rental
of $10, to be paid at the end of each month; that default
was made in the payment of the rents, and a notice in
writing to vacate was served on defendants.   Judgment
for rents and possession was prayed.

Defendants filed an answer admitting the tenancy,
but alleging the fact to be that, shortly after they went
into possession of the property, they were notified by..........
Maus and..........Berkemeyer, trading and doing business as
Maus & Berkemeyer, that they were the owners of the
property and were entitled to the rents; that thereafter
defendants deposited the rents in a bank, awaiting a
settlement of the question as to who was entitled to the
rents.   There was a prayer that Maus & Berkemeyer be
made parties defendant and required to litigate with
plaintiff the question of ownership of the rents.

A demurrer was sustained to this answer, and, as
defendants declined to plead further, judgment was pro-
nounced on the pleadings in favor of the plaintiff.

The demurrer to the answer was properly sustained.
In the case of *Dunlap* v. *Moose,* 98 Ark. 235, it was said:
"The action of unlawful detainer is only to decide the
right to the immediate possession of lands and tenements,
and not to determine the right or title of the parties to
or in them.   A tenant cannot dispute the title of his

landlord while he remains in possession under him, nor acquire possession from the landlord by lease and then dispute his title, but must first surrender possession and bring his action.'' See also *Burton* v. *Gorman,* 125 Ark. 141; *Montgomery* v. *Massey,* 145 Ark. 336; *Morris* v. *Griffin,* 146 Ark. 439.

The judgment of the court below is therefore affirmed.