BOLIN *v.* DRAINAGE DISTRICT No. 17.

4-7186                                        176 S. W. 2d 143

Opinion delivered December 13, 1943.

*D. F. Taylor, Claude F. Cooper* and *T. J. Crowder,* for appellant.

*C. M. Buck,* for appellee.

SMITH, J. On February 24, 1937, appellee drainage district brought unlawful detainer to recover possession of a tract of land from appellant. For some reason, not explained, the trial at which the judgment was rendered, awarding the relief prayed, from which is this appeal, was not had until January 4, 1943.

One of the errors assigned for the reversal of this judgment is, that the testimony was not sufficient to sustain it. In considering this assignment we must, of course, give to the testimony tending to sustain the verdict, its highest probative value, and this testimony is to the following effect.

The land here in controversy constitutes a small part of a larger acreage which the district acquired under the authority of Special Act 103 of the Acts of 1917, p. 485, (*Schmidt* v. *Drainage Dist. No. 17,* 140 Ark. 541, 215 S. W. 614), and is used as a floodway or spillway. The land lies between two levees and is subject to overflow to great depths during any rainy season.

Appellant entered upon a small tract of these lands believing the title to be in the State, and his possession was discovered by the chief engineer of the drainage district in 1931, and a contract was made between appellant and the engineer of the district, under the terms of which appellant agreed to clear fifteen acres of this land during each year of his occupancy, until he had cleared forty-five acres. He cleared some land, and it does not appear to be contended that he did not clear the acreage required by the contract. It was agreed that he should have the land which he did clear, free of rent, for three years after clearing it, so that the first rent to be due upon the land cleared was for the fourth year of appellant's occupancy. When the rent for that year accrued, demand was made for its payment, and this suit was brought when appellant refused to pay the rent. He filed an answer in which he "denied all the material allegations of the complaint."

There was no definite agreement as to the amount of rent to be paid, except that the engineer testified that it was to be the customary rent. There was no testimony as to the customary rent for lands of this character, and appellee says such testimony was not offered for the reason that it was not believed that any judgment on that account would justify the trouble and expense of making the proof.

The question of rental value was not, therefore, submitted to the jury, and there was submitted only the question, whether the relation of landlord and tenant had been created and had later been breached. The instructions upon these issues read as follows:

"No. 1. In actions of this kind the title to the property is not involved. Its purpose is to determine the right to the possession of the property and it can only be maintained when the relation of landlord and tenant exists. Therefore, if you find that the defendant, H. C. Bolin, entered into possession of the lands in question under an agreement with plaintiff, by which he was to clear same and to pay rent thereon at the expiration of three years in a sum to be agreed upon, and you further find that defendant failed and refused to agree

upon the rent for future use of the land or to pay any rent after the same became due and payable under the contract and agreement, then your verdict should be for plaintiff.

"No. 2. On the other hand, if you find from the evidence that defendant entered into possession of the lands in question, believing it to be State land, and for the purpose of acquiring title thereto, and without any contract or understanding with plaintiff, then your verdict would be for the defendant."

Appellant asked three instructions, all of which were refused. These were to the following effect: (1) that if appellant had had possession for three years, or more, before the institution of the suit, or (2) that if appellant was in possession at the time of making the alleged contract, or (3) if there was no agreement as to the amount of rent to be paid and the length of time appellant was to occupy the land had not been agreed upon, a verdict should be returned for the defendant.

We will consider and dispose of the assignments of error, relating to the refusal to give all, or any, of these instructions, together.

It is true appellant testified that he was in possession at the time of the making of the alleged lease contract, under the assumption that the title to the land was in the State; but that is unimportant, and would be equally so, if he had been in possession under a claim of title in himself. The title to the land is not involved in unlawful detainer suits, and the statute (§ 6054, Pope's Digest) provides that "In trials under the provisions of this Act, the title to the premises in question shall not be adjudicated upon or given in evidence, except to show the right to the possession, and the extent thereof."

It was held in the case of *Johnson* v. *Elder,* 92 Ark. 30, 121 S. W. 1066, to quote a headnote, that "One who is in possession of land under claim of ownership may attorn to and become the tenant of another who claims to be the owner, whereupon the former's possession becomes that of the latter," and it is an elementary principle of law of landlord and tenant that the tenant may

not dispute his landlord's title without first having surrendered possession to the landlord. *Washington* v. *Moore,* 84 Ark. 220, 105 S. W. 253; 120 Am. St. Rep. 92; *Burton* v. *Gorman,* 125 Ark. 141, 188 S. W. 561; *Lewis* v. *Harper,* 149 Ark. 43, 231 S. W. 874; *Garrett* v. *Edwards,* 168 Ark. 243, 269 S. W. 572.

Here, the verdict of the jury concludes the question whether appellant became the tenant of appellee, and there is here no question of the statute of limitations against bringing the suit, under § 8927 of Pope's Digest, which appellant invokes, for the reason that the suit was brought promptly when the demand for rent was refused.

Appellant invokes the provisions of the fifth paragraph of § 6059, Pope's Digest, a part of our statute of frauds, which provides that no action shall be brought "To charge any person upon any lease of lands, tenements or hereditaments for a longer term than one year. . . . Unless the agreement, promise or contract upon which such action shall be brought, or some memorandum or note thereof, shall be made in writing, and signed by the party to be charged therewith, or signed by some other person by him thereunto properly authorized."

This statute has no application here, for there has been, not only a part performance of this contract, but a full performance thereof, except only that appellant has refused to pay rent as required by his lease. The suit is not one to enforce an oral executory contract for the lease of lands for a period of more than one year. The contract became valid by its substantial part performance. *Phillips* v. *Grubbs,* 112 Ark. 562, 167 S. W. 101; *Storthz* v. *Watts,* 117 Ark. 500, 175 S. W. 406; *Newton* v. *Mathis,* 140 Ark. 252, 215 S. W. 615; *Southwestern Veneer Co.* v. *Dennison,* 174 Ark. 560, 298 S. W. 30.

It is said in § 217 of the chapter on the Statute of Frauds, 37 C. J. S., p. 713, that: "The statute of frauds, designed to prevent fraud and perjuries, . . . will not be allowed to operate as an instrument of fraud either in permitting one guilty of fraud to shelter himself behind it, or in allowing its use as a means of perpetrating fraud." Among the many cases cited in support

of this text, in the note thereto, are the following cases by this court: *Lesser-Goldman Cotton Co.* v. *Merchants' & Planters' Bank,* 182 Ark. 150, 30 S. W. 2d 215; *Neil* v. *Neil,* 172 Ark. 381, 288 S. W. 890; *Davidson* v. *Edwards,* 168 Ark. 306, 270 S. W. 94.

Certainly this statute was not intended, and will not be allowed, to so operate as to permit one to enter upon the lands of another, as a tenant, and after so occupying for more than a year, say that he may neither be dispossessed, nor be required to pay rent, because of the statute above quoted.

Now, as to the proposition that the amount of rent to be paid was not agreed upon, it may be said that § 8591, Pope's Digest, takes care of that situation. It reads as follows: "Where lands or tenements are held and occupied by any person without any special agreement for rent, the owner of such lands or tenements, his executor or administrator, may sue for and recover a fair and reasonable compensation for such use and occupation." Also, see *Watson* v. *Arthur,* 142 Ark. 431, 218 S. W. 848; *Dell* v. *Gardner,* 25 Ark. 134. It was not definitely agreed how long appellant should occupy the land; but the implication of law is that he should pay the reasonable rent for the term he did occupy.

We have, therefore, under the verdict of the jury, the case of a man who became a tenant and refused to pay rent, when due and demanded. Our unlawful detainer statute was designed to afford the relief awarded by the judgment from which is this appeal. Appellee did waive the right to a judgment for the rent, but it did not waive the right to demand it, nor was the right waived to the relief which the law affords against a tenant who refused to pay rent.

The judgment must, therefore, be affirmed, and it is so ordered.